IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| WSOU INVESTMENTS, LLC d/b/a ) <br> BRAZOS LICENSING AND ) <br> DEVELEOPMENT, ) <br> ) <br> Plaintiff, ) <br> v. ) <br> ) <br> ZTE CORPORATION, ZTE (USA), INC., ) <br> AND ZTE (TX), INC., ) <br> ) <br> Defendants ) | Case No. 6:20-cv-496-ADA |

**DEFENDANT ZTE (USA) INC.'S MOTION TO DISMISS
OR IN THE ALTERNATIVE TRANSFER VENUE**

Defendant ZTE (USA), Inc. ("ZTE USA") respectfully requests the Court dismiss Plaintiff WSOU Investments, LLC's ("WSOU's") Complaint against it under FED. R. CIV. P. 12(b)(3) for improper venue under 28 U.S.C. § 1400(b) because it is a resident of New Jersey without any regular and established place of business in the Western District of Texas ("Western District"). In the alternative, ZTE USA requests to have the case transferred under 28 U.S.C. §§ 1400(b), 1404(a) and 1406(a) to the proper and clearly more-convenient venue, which is the Northern District of Texas ("Northern District").

## BACKGROUND

ZTE USA's Richardson office is not only its principal place of business in Texas, but its sole place of business in Texas. Ex. 1, Wood Decl. at ¶ 3. Further, it is uncontested (*see* Complaint, Dkt. No. 1, at ¶ 4) that ZTE USA is a New Jersey corporation having its principal place of business in the Northern District at 2425 North Central Expressway, Suite 800, Richardson, Texas, 75080, in Dallas County, Ex. 1, Wood Decl. at ¶¶ 2-3; *See* https://www.usmarshals.gov/district/navigation/tx.htm (showing that Dallas County is in the Northern District of Texas).

That ZTE USA's Texas presence, for patent venue purposes, is limited to the Northern District, has been well-established in previous cases. On May 22, 2017, in *TC Heartland LLC v. Kraft Foods Group Brands LLC*, 137 S. Ct. 1514, 197 L. Ed. 2d 816 (2017), the Supreme Court clarified that venue for patent infringement cases is provided exclusively under 28 U.S.C. § 1400(b). *Id.* at 137 S. Ct. at 1517. In a series of cases brought or maintained against it in the Eastern District of Texas ("Eastern Distrct") after *TC Heartland*, ZTE USA established as a matter of law that it was not subject to suit in the Eastern District notwithstanding its proximity to the District (less than 500 yards from the jurisdictional line) and its roots in the Dallas metroplex, which includes suburbs in the Eastern District. *See, e.g.*, *Am. GNC Corp. v. ZTE Corp.*, No. 4:17CV620, 2017 WL 5157700, at *1 (E.D. Tex. Nov. 7, 2017), *mandamus granted, order vacated*

1

*sub nom. In re ZTE (USA) Inc.*, 890 F.3d 1008 (Fed. Cir. 2018); *AGIS Software Dev., LLC v. ZTE Corp.*, No. 2:17-CV-00517-JRG, 2018 WL 4854023, at *4–5 (E.D. Tex. Sept. 28, 2018); *Fractus, S.A. v. ZTE Corporation et al.*, Order Granting Motion to Transfer to the N.D.Tex., *No.* 2:17-cv-00561-JRG, Dkt. No 104, E.D. Tex.

Here WSOU filed 11 separate Complaints, each alleging a single count of patent infringement (one patent per Complaint), and each naming three distinct defendants (ZTE Corporation, ZTE (USA), Inc., and ZTE (TX), Inc.), on June 3, 2020.[1]  WSOU asserts venue over ZTE USA under 28 U.S.C. §1391 as well as §1400(b).  Complaint, Dkt. No 1at ¶ 10.

Few, if any, of the factors plaintiffs sought and failed to exploit in 2017-2018 to find venue against ZTE USA outside the Northern District are present in the Western District.  In contrast with the prior briefing, WSOU's sole factual claim as to ZTE USA is an assertion that "ZTE (USA) has maintained a place of business at 6500 River Place Blvd., Austin, TX 78730." *Id*.  But ZTE USA has not had a place of business at that location in more than five years.  Ex. 1, Wood Decl. at ¶ 4.  WSOU's venue contentions lack evidentiary support and will not will likely have evidentiary support even if afforded further opportunity for investigation or discovery. *See Optic153 LLC v. Thorlabs Inc.,* No. 6:19-CV-00667-ADA, 2020 WL 3403076, at *3–4 (W.D. Tex. June 19, 2020), *Citing Monkton Ins. Servs., Ltd. V. Ritter*, 768 F.3d 429, 434 (5th Cir. 2014)("[t]he party opposing dismissal and requesting discovery bears the burden of demonstrating the necessity of discovery"; *compare* Fed. R. Civ. P. 11(b)(3).

---

[1] *See* 6:20-cv-00487, 6:20-cv-00488, 6:20-cv-00489, 6:20-cv-00490, 6:20-cv-00491, 6:20-cv-00492, 6:20-cv-00493, 6:20-cv-00494, 6:20-cv-00495, 6:20-cv-00496, and 6:20-cv-00497.  ZTE USA is filing effectively identical venue motions in each of these cases.  On the same day it filed the new cases, without explanation, Plaintiff dismissed 11 previously-filed cases (6:20-cv-00255, 6:20-cv-00254, 6:20-cv-00242, 6:20-cv-00240, 6:20-cv-00238, 6:20-cv-00231, 6:20-cv-00229, 6:20-cv-00228, 6:20-cv-00224, 6:20-cv-00216, and 6:20-cv-211), now closed.

# ARGUMENT

### A. Applicable Law

"Venue requirements exist for the benefit of defendants," *Hoover Group, Inc. v. Custom Metalcraft, Inc.*, 84 F.3d 1408, 38 USPQ2d 1860 (Fed. Cir. 1996), and they are mandatory. *See* 28 U.S. Code § 1406 ("The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or… transfer such case to any district or division in which it could have been brought.") (emphasis added). "[T]he Supreme Court has cautioned against a broad reading of the venue statute." *In re Google*, 949 F.3d 1338 (Fed. Cir. 2020).

28 U.S.C. §1400(b) "is the sole and exclusive provision controlling venue in patent infringement actions." *TC Heartland*, 137 S. Ct. at 1519. 28 U.S.C. § 1400(b) provides that patent infringement actions "may be brought in any judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business." *Id.* Under the first prong of § 1400(b), a domestic corporation resides only in the state of its incorporation for purposes of the patent venue statute. *TC Heartland*, 137 S. Ct. at 1520. Under the second prong of § 1400(b), a "regular and established place of business" has three general requirements: "(1) there must be a physical place in the district; (2) it must be a regular and established place of business; and (3) it must be the place of the defendant." *In re Cray Inc.*, 871 F.3d 1355, 1360 (Fed. Cir. 2017). "If any statutory requirement is not satisfied, venue is improper under § 1400(b)." *Id.*

Federal Circuit law determines where patent venue lies. *In re ZTE (USA) Inc.*, 890 F.3d 1008, 1012 (Fed. Cir. 2018). "[T]he Plaintiff bears the burden of establishing proper venue," *Id.* at 1013. In an action involving multiple defendants, venue and jurisdiction requirements must be met as to each defendant. *Magnacoustics, Inc. v. Resonance Technology Co.*, No. 97–1247, 1997 WL 592863, at *1 (Fed. Cir. Sept. 25, 1997) ("Furthermore, as firmly established by judicial decisions,

3

in an action involving multiple defendants venue and jurisdiction requirements must be met as to each defendant," *citing* Vol. 17 Moore's Federal Practice 3d § 111.12[4][b], p. 111-64).

In assessing venue under § 1400(b), the Court must look at the facts that existed at the time the suit was filed. *Pers. Audio, LLC v. Google, Inc.*, 280 F. Supp. 3d 922, 931 (E.D. Tex. 2017). Where venue is improper, 28 U.S.C. § 1406(a) provides that the Court "shall dismiss, or if it be in the interest of justice, transfer such a case to any district or division in which it could have been brought."

### B. 28 U.S.C. §1391 Is Inapplicable to ZTE USA

Venue must be established against ZTE USA separately. *Magnacoustics, Inc.*, No. 97–1247, 1997 WL 592863, at *1. Because 28 U.S.C. §1400(b) is the sole basis for venue in patent infringement actions against US domestic defendants, *TC Heartland,* 137 S.Ct. at 1517, and ZTE USA is a New Jersey corporation, Complaint at ¶ 5, 28 U.S.C. §1391 is inapplicable and does not provide a basis for venue against ZTE USA in the Western District or any other district.

### C. ZTE USA Resides in New Jersey

28 U.S.C. §1400(b) offers two alternative bases for venue in patent infringement cases: "the judicial district where the defendant resides" or a judicial district "where the defendant has committed acts of infringement and has a regular and established place of business." *Id.*

Under the first prong of § 1400(b), a domestic (US) corporation resides only in the state of its incorporation for purposes of the patent venue statute. *TC Heartland*, 137 S. Ct. at 1520. ZTE USA is a New Jersey corporation. Complaint at ¶ 6; Ex. 1, Wood Decl. at ¶ 2. Thus, under the first prong of § 1400(b), ZTE USA is not a resident of any judicial district in Texas, and venue against ZTE USA in the Western District is improper as a matter of law.

### D. ZTE USA Has No Regular and Established Place of Business in This District

The second prong of § 1400(b) requires the plaintiff to prove two separate elements to establish venue: that "the defendant has committed acts of infringement" **and** "has a regular and

4

established place of business" in the district. As to the first element, Plaintiff's Complaint fails to even plead any specific act of infringement occurring in the Western District.

To show the second element, WSOU must identify a place of business meeting three independent requirements: "(1) there must be a physical place in the district; (2) it must be a regular and established place of business; and (3) it must be the place of the defendant." *Cray*, 871 F.3d at 1360. A "'regular and established place of business' requires the regular, physical presence of an employee or other agent of the defendant conducting the defendant's business at the alleged 'place of business.'" *Google*, 949 F.3d at 1345. "If any statutory requirement is not satisfied, venue is improper under § 1400(b)." *Cray*, 871 F.3d at 1360.

Plaintiff's venue allegations fail to meet all three of these requirements. First, because venue is measured at the time suit is filed, *Pers. Audio*, 280 F. Supp. at 931, Plaintiff's reference to the 6500 River Place location closed five years earlier, Ex. 1, Wood Decl. at ¶ 4, is irrelevant to the venue analysis in this case. Plaintiff has not identified any other physical location of ZTE USA in the Western District, past or present. Second, because the identified location closed long before suit was filed, it is not "regular and established," and Plaintiff does not suggest that it is. Complaint at ¶ 10. Third, to the extent Plaintiff is trying to blur distinctions between locations of different ZTE entities, Plaintiff cannot show venue as to any of those entities because it cannot show any physical location belongs to a specific entity.

ZTE USA has no regular and established place of business in the Western District of Texas. Ex. 1, Wood Decl. at ¶ 7. ZTE USA has no physical presence, such as a storefront, physical facility, or owned, leased, or rented office space, in the Western District of Texas. Ex. 1, Wood Decl. at ¶ 8. ZTE USA stores no literature, documents, stock, displays, samples, products or any other likely sources of proof in this litigation in the Western District of Texas. Ex. 1, Wood Decl. at ¶ 10. ZTE USA does not own, lease, operate, manage, maintain, or otherwise exercise possession or control over offices, warehouses, stores, servers, computers, furniture, storage facilities,

distribution facilities, post boxes, showrooms, manufacturing facilities, or other facilities, or other real or personal property in the Western District of Texas. Ex. 1, Wood Decl. at ¶ 16. In sum, ZTE USA does not now have, and has not at any time since at least as early as July 31, 2015, had any place of business (including without limitation any physical place of business, any regular and established place of business, or any place of business of ZTE USA, within the Western District of Texas. Ex. 1, Wood Decl. at ¶ 4.

ZTE USA does not conduct any business (including any banking activities), out of any location in the Western District of Texas; and has not marketed, advertised, or made representations that it has any place of business, address, telephone listing, storefront, or sign on any building in the Western District of Texas since at least since July 31, 2015, including without limitation telephone directories and websites. *Id.* at ¶ 6. ZTE USA does not make, sell, or offer for sale any handsets or network devices (whether for end use, distribution, third-party demonstrations, qualification testing, or any other commercial purpose; whether accused in any of these cases or not; and whether sold or offered for sale in the United States or not) from the Western District of Texas. *Id.* at ¶ 5. ZTE USA does not provide any commercial services in the Western District of Texas. *Id.* at ¶ 13. ZTE USA has no bank accounts in the Western District of Texas. *Id.* at ¶ 14.

ZTE USA has no employees, directors, or other personnel in the Western District of Texas conducting its business. *Id.* at ¶ 9. ZTE USA has no agents assisting in production, storage, transport, and exchange of goods or services or otherwise carrying out the business of ZTE USA in the Western District of Texas. *Id.* at ¶ 12. ZTE USA is not recruiting employees from the Western District of Texas. *Id.* at ¶ 17. In short, ZTE USA has no presence in the Western District of Texas, including any likely witnesses in this litigation. *Id.* at ¶ 15.

Because ZTE USA does not have a "physical, geographical location in the district," it does not have a regular and established place of business in the Western District as a matter of law, and venue is improper under Rule 12(b)(3). *Google*, 949 F.3d at 1343.

**E. Dismissal or Transfer is Mandatory under 28 U.S.C. § 1406**

In contrast with 28 U.S.C. § 1404(a) discussed below, the language of 28 U.S.C. § 1406 is mandatory: "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or… transfer such case to any district or division in which it could have been brought.") (emphasis added).  *See, e.g.*, *Patent Holder LLC v. Lone Wolf Distributors, Inc.*, No. 17-23060-CIV, 2017 WL 5032989, at *8 (S.D. Fla. Nov. 1, 2017), *citing Patent Holder, LLC v. Magill, et al.*, No. 1:17-22826-Civ, Dkt. No. 32, at *5 (S.D. Fla. Oct. 10, 2017) (Ungaro, J.)("[in] a patent case [] venue is governed by § 1400(b), which is not discretionary ... the Court must transfer venue").

Accordingly, ZTE TX respectfully requests that the case against it be dismissed; or in the alternative, transferred to the Northern District.

## VENUE IS INCONVENIENT WITH RESPECT TO ZTE USA

28 U.S.C. § 1404(a) permits a matter to be transferred "[f]or the convenience of parties and witnesses, in the interest of justice." *Id.*  Under this statute, the matter may be moved "to any other district or division where it might have been brought or to any district or division to which all parties have consented." *Id*.  Thus, the first issue to be determined is whether the proposed judicial district is one in which the claim could have been filed. *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004).  Venue as to ZTE USA under 28 U.S.C. § 1400(b) would be proper in the Northern District because its principal place of business is located there and it is the proper party for defending against the allegations in WSOU's complaint.[2]

The onus is on the party seeking transfer to demonstrate that the transferee venue is clearly more convenient than the venue in which the action was filed. *Tricon Precast, Ltd. v. Easi Set*

---

[2] ZTE USA has several regular and established places of business within the United States where venue might be proper, but none of them would be as convenient as the Northern District; and none of them are within the State of Texas.

*Industries, Inc.*, 395 F.Supp.3d 871, 878 (S.D. Tex. 2019). If the moving party meets this burden, good cause exists for the transfer to occur. *In re Volkswagen of America, Inc.*, 545 F.3d 304, 315 (5th Cir. 2008). In determining whether the requisite convenience is present, the court weighs four private interest factors and four public interest factors. *Id.* [3]

None of these factors are exhaustive or exclusive, neither is any factor dispositive, *Tricon Precast, Ltd. v. Easi Set Industries, Inc*. 395 F.Supp.3d at 878, but several of them are relevant here, and all of those point towards the Northern District. In particular, discovery taken of ZTE USA will likely be more onerous than discovery taken of WSOU; and both the sources of proof within the control of ZTE USA (private factor 1) and the offices of its witnesses (private factors 2-3) are located in the Northern District. *See* Ex. 1, Wood Decl. at ¶ 10.

While transfer under 28 U.S.C. § 1404(a) is discretionary, courts have recognized the statute limits a plaintiff's ability to maintain suit in an inappropriate venue when defendants have little or no connection to the transferor forum, including situations where defendants' connections were similar to or less attenuated than ZTE USA's here. *See, e.g.*, *In re Toa Techs., Inc.*, 543 Fed. Appx. 1006, 1009 (Fed.Cir. Oct. 3, 2013) (granting mandamus as to venue because no witness resided in the initial district, the alleged infringer was headquartered in the transferee district, and the majority of party witnesses resided within 100 miles of the transferee district); *In re Verizon Bus. Networks Servs.*, 635 F.3d 559 (Fed. Cir. 2011) (granting mandamus as to venue because no witnesses resided within 100 miles of the District); *In re Volkswagen of Am., Inc.*, 545 F.3d 304,

---

[3] "The private interest factors are: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive . . . The public interest factors are: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law." *Id*. (internal citations and quotations omitted).

315-18 (5th Cir.2008) (*en banc*) (granting mandamus, inter alia, because none of the parties or witnesses resided in the initial district, and every witness would be required to travel to attend trial in the initial district, even though the parties and witnesses resided within 100 miles of the court in the transferee district); *In re TS Tech USA Corp.*, 551 F.3d 1315 (Fed. Cir. 2008) (granting mandamus where only connection to initial district was that allegedly infringing products were sold in the district, but none of the witnesses or evidence was in the initial district and the vast majority of witnesses, evidence, and relevant events were in or near the transferee district).

Overall, it is not fair or efficient for ZTE USA, which has no presence in the Western District of Texas, to be subject to this lawsuit there, especially when its principal place of business is in the Northern District.  Therefore, pursuant to 28 U.S.C. § 1404(a), for the convenience of the parties and witnesses, and in the interest of justice, this case should be transferred to the Northern District.

## CONCLUSION

For the reasons given above, ZTE USA prays the Court dismiss this case for improper venue; or in the alternative, transfer it to the Northern District of Texas.

| | |
|---|---|
| Dated: October 9, 2020 | Respectfully submitted,<br><br> /s/ Erick Robinson<br><br>**Dunlap, Bennett & Ludwig PLLC**<br><br>Erick Robinson<br>State Bar No. 24039142<br>7215 Bosque Blvd., Waco, TX 76710<br>Telephone:  (254) 870-7302<br>Facsimile:  (713)583-9737<br>Email:   erobinson@dbllawyers.com<br><br><br>David R. Keesling, OK Bar No. 17881<br>Timothy S. Kittle, OK Bar No. 21979<br>6660 South Sheridan Road, Suite 250<br>Tulsa, Oklahoma 74133<br>(918) 998-9350 – Telephone<br>(918) 998-9360 – Facsimile<br>dkeesling@dbllawyers.com<br>tkittle@dbllawyers.com<br><br>**Attorneys for Defendants** |

## **CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that counsel of record who are deemed to have consented to electronic service are being served today, October 9, 2020, with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(b)(1).

                                                   */s/ Erick Robinson*
                                                   Erick Robinson
                                                   Waco, TX 76710