IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| WSOU INVESTMENTS, LLC d/b/a BRAZOS LICENSING AND DEVELOPMENT,<br>　　　　*Plaintiff,*<br><br>*v.*<br><br>ZTE CORPORATION, ZTE (USA) INC., AND ZTE (TX), INC.<br>　　　　*Defendant.* | §§§§§§§§§§§§§ | 6-20-CV-00487-ADA<br>6-20-CV-00488-ADA<br>6-20-CV-00489-ADA<br>6-20-CV-00490-ADA<br>6-20-CV-00491-ADA<br>6-20-CV-00492-ADA<br>6-20-CV-00493-ADA<br>6-20-CV-00494-ADA<br>6-20-CV-00495-ADA<br>6-20-CV-00496-ADA<br>6-20-CV-00497-ADA |

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

Before the Court is Defendants ZTE Corporation ("ZTC"), ZTE (USA), Inc. ("ZTA"), and ZTE (TX), Inc.'s ("ZTX") (collectively, "ZTE") Motion to Dismiss for Improper Venue (the "Motion") pursuant to Rule 12 of the Federal Rules of Civil Procedure (F.R.C.P.). ECF No. 47[1]. The Motion was filed on December 4, 2020. *Id.* Plaintiff, WSOU Investments, LLC d/b/a Brazos Licensing and Development ("WSOU"), filed its Response on June 18, 2020. ECF No. 85. ZTE filed its Reply on June 25, 2020. ECF No. 88. After considering all related pleadings and the relevant law, the Court is of the opinion that ZTE's Motion should be **GRANTED**.

### BACKGROUND

WSOU filed these actions on June 3, 2020, pursuant to the Court's original jurisdiction under 28 U.S.C. §§ 1331 and 1338(a). ECF No. 1. Plaintiff alleges that ZTE infringes on the

---

[1] Since there are 11 separate cases under which ZTE filed a Motion, each of the following references to ECF will be to the docket number from 6:20-CV-00487.

1

following patents: (1) U.S. Patent No. 8,451,839, (2) U.S. Patent No. 7,489,929, (3) U.S. Patent No. 7,487,240, (4) U.S. Patent No. 8,179,960, (5) U.S. Patent No. 8,730,905, (6) U.S. Patent No. 8,147,071, (7) U.S. Patent No. 9,294,060, (8) U.S. Patent No. 9,185,036, (9) U.S. Patent No. 9,258,232, (10) U.S. Patent No. 7,742,534, (11) U.S. Patent No. 7,203,505. ECF No. 1.

On December 4, 2020, ZTE filed an opposed Motion under Rule 12(b)(3). ECF No. 47. In its Motion, ZTE argues that WSOU fails to establish proper venue against Defendants. *Id.* at 2–21. On June 18, 2020, WSOU filed a Response to ZTE's Motion. Pls.' Resp. in Opp'n to Defs.' Mot. to Dismiss. (hereinafter "Resp."), ECF No. 85. On June 25, 2020, ZTE filed a Reply. Def's. Reply in Supp. of Def's. Mot. to Dismiss Under Rule 12(b)(3) (hereinafter "Reply"), ECF No. 88. On July 19, 2021, there was a hearing held regarding the pending Motion. ECF No. 99.

## LEGAL STANDARD

"Any civil action for patent infringement may be brought in any judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business." 28 U.S.C. § 1400(b). Furthermore, 28 U.S.C. § 1400(b) "is the sole and exclusive provision controlling venue in patent infringement actions." *TC Heartland v. Kraft Food Groups Brands LLC*, 137 S. Ct. 1514, 1519, 197 L.Ed.2d 816 (2017). Venue must be determined as to each defendant separately. *Magnacoustics, Inc. v. Resonance Tech. Co.*, No. 97-1247, 1997 WL 592863, at *1 (Fed. Cir. Sept. 25, 1997).

A party may move to dismiss a claim for improper venue pursuant to Federal Rule of Civil Procedure 12(b)(3). Once a defendant challenges venue, "the plaintiffs have the burden to

prove that the chosen venue is proper." *Zurich Am. Ins. Co. v. Tejas Concrete & Materials Inc.*, 982 F.Supp.2d 714, 719 (W.D. Tex. 2013). On a Rule 12(b)(3) motion to dismiss for improper venue, the court must view all the facts in a light most favorable to the plaintiff. *Ambraco, Inc. v. Bossclip B.V.*, 570 F.3d 233, 237-38 (5th Cir. 2009). "Thus, a plaintiff may show that the venue is proper by 'setting forth facts that taken as true would establish venue.'" *Zurich Am. Ins. Co.*, 982 F.Supp.2d at 719; see also *Wilson v. Belin*, 20 F.3d 644, 648 (5th Cir. 1994).

## DISCUSSION

First and foremost, WSOU makes the argument that 28 U.S.C. 1391(d) creates a residence for both ZTA and ZTX. The Court disagrees. This reading of 28 U.S.C. § 1391(d) goes against Supreme, Federal, and District Court precedent in applying 28 U.S.C. § 1391(d) to domestic defendants. The sole basis for venue in patent actions is 28 U.S.C. § 1400(b) as established by the Supreme Court in 2018. *TC Heartland*, 137 S.Ct. at 1517.

Second, venue for patent infringement actions against defendants that do not reside within the United States is governed by 28 U.S.C. § 1391, not 28 U.S.C. § 1400(b). *Slyce Acquisition v. Syte – Visual Conception, Ltd.*, 422 F.Supp.3d 1191, 1197-8. Here, ZTC is a Chinese corporation and thus its venue is governed by 28 U.S.C. § 1391. Motion at 6. Under that statute, "a defendant not resident in the United States may be sued in any judicial district, and the joinder of such a defendant shall be disregarded in determining where the action may be brought with respect to other defendants." 28 U.S.C. 1391. Therefore, under the applicable venue statute, the Court finds that venue is proper for ZTC.

I. **Whether Venue is Proper for Defendants Under the First Prong of 28 U.S.C § 1400(b)**

a. **ZTA Does Not Reside in this Forum**

The first way to establish venue in patent infringement cases is to file suit "in the judicial

district where the defendant resides." 28 U.S.C. § 1400(b). "For purpose of determining venue under § 1400(b), in a state having multiple judicial districts, a corporate defendant shall be considered to 'reside' only in the single judicial district within that state where it maintains a principal place of business, or failing that, the judicial district in which its registered office is located." *In re Bigcommerce*, 890 F.3d at 986 (Fed. Cir. 2018).

Second, a corporation may not be sued under the first prong of the venue statute outside its state of incorporation. *See TC Heartland LLC*, 137 S.Ct. at 1516-17. ZTA is a New Jersey corporation. Furthermore, while ZTA does have a principal business in Texas, it is located in the Northern District of Texas. Therefore, under 28 U.S.C. § 1400(b)'s first prong, ZTA does not reside in this District.

### b. ZTX Does Not Reside in this Forum

While it is true that ZTX is a Texas corporation, it does not have a principal place of business anywhere in Texas, including this District. Motion at 15-16. Prior to May 14, 2020 ZTX did maintain a registered office in Austin, Texas, but ZTX moved its registered office to Dallas, Texas on May 14, 2020. Resp. at 7. Therefore, at the time of the filing of WSOU's complaint, June 3, 2020, ZTX did not have a registered agent in this District. Motion at 16. WSOU argues that since it voluntarily dismissed its original complaint, filed on March 26, 2020, that date should be the date of filing and not the date its current complaint was filed on. Resp. at 7. However, WSOU did not incorporate the original complaint and thus the date of filing is June 3, 2020. Therefore, at the time of filing, ZTX had no connection to this District and venue for ZTX under the first prong of 28 U.S.C. 1400(b) and *BigCommerce* is only proper in the Northern District of Texas. 890 F.3d at 986.

## II. Whether Venue is Proper for Defendants Under the Second Prong of 28 U.S.C § 1400 (b)

The second way to establish venue in patent infringement cases is to file suit "where the defendant has committed acts of infringement and has a regular and established place of business." 28 U.S.C. § 1400(b). The Federal Circuit has defined "a regular and established place of business" to mean: (1) there must be a physical place in the district; (2) the physical place must be a regular and established place of business; and (3) the regular and established place of business must be the place "of the defendant." *In re Cray Inc.*, 871 F.3d 1355, 1362-63 (Fed. Cir. 2017). All three must of these requirements must be present for proper venue to exist. *Id.*

In its briefing, WSOU fails to distinguish between either ZTA or ZTX in discussing whether either Defendant has committed acts of infringement and has a regular and established place of business in this District, simply referring to them collectively as ZTE. The Court, in attempting to clarify WSOU's argument, will refer to both ZTA and ZTX collectively as ZTE in the following discussion.

### a. Acts of Infringement

WSOU alleges in its amended complaint that there are acts of infringement in this District through the "selling and offering for sale products that infringe the asserted patent, directly or through intermediaries as alleged herein." ECF No. 1 at 2. Here, ZTE claims this pleading is not specific enough to show that acts of infringement occurred in this District. Motion at 17. WSOU, in turn, claims that ZTE makes "no serious effort" to dispute WSOU's allegation concerning acts of infringement in this District. Resp. at 8. In its Reply, ZTE addresses the alleged acts of infringement but provides no evidence in support of its claim. Reply at 3, fn. 10. Thus, viewing the facts in the light most favorable to the Plaintiff, the Court takes as true the claim that ZTE has committed acts of infringement in this District. *Ambraco, Inc.*, 570 F.3d at 237-38. The Court now

turns to the *Cray* factors.

### b. Regular and Established Place of Business

#### i. Physical Place

WSOU alleges that there are cell towers and adjacent buildings where ZTE installs and services its equipment. Resp. at 9. In furthering its argument, WSOU relies upon *In re Google LLC*, 949 F.3d 1338, 13943 (Fed. Cir. 2020), in which the Court determined Google's "GGC servers" satisfied the first *Cray* factor since the servers were "physically located in the district in a fixed, geographical location." *Id.* Like the GGC servers, the structures in question are in a fixed, geographical location. *Id.* However, as ZTE points out in its Response, there is no indication that these cell towers and adjacent buildings actually contain ZTE equipment. Reply at 4. Indeed, the images of the structures produced by WSOU reveal no ZTE signs, no exposed ZTE equipment, and no ZTE personnel on the premises. *Id.*

WSOU also points to CEVA warehouses in this District, which ZTE allegedly uses to store equipment. Resp. at 12. However, WSOU provides no evidence that these warehouses actually contain ZTE equipment. The Court thus fails to see how these CEVA warehouses constitute "physical places" of ZTE. Accordingly, the Court finds that ZTE does not have a physical place in this District.

#### ii. Regular and Established Place of Business

Moreover, even if ZTE had a physical place in this District, WSOU cannot prove that ZTE has a regular and established place of business in this District. "The venue statute should be read to exclude agents' activities, such as maintenance, that are merely connected to, but do not themselves constitute, the defendant's conduct of business in the sense of production, storage, transport, and exchange of goods or services." *In re Google LLC*, 949 F.3d 1338, 1347 (Fed. Cir.

2020).

WSOU argues that the cell towers discussed above are regular and established places of business since there is a contract between a third party, Gogo, and ZTE, which requires ZTE to service these cell towers for a minimum of three months. Resp. at 10. However, according to the Federal Circuit, maintenance is not enough to demonstrate a regular and established place of business. *In re Google LLC*, 949 F.3d at 1347. Therefore, the Court finds that ZTE does not have a regular and established place of business in this District.

### iii. "Of the Defendant"

Finally, even if ZTE had a physical, regular and established place of business in this District, WSOU cannot prove that any of the cell towers or warehouses in question are owned by ZTE. Here, WSOU alleges that these cell towers store ZTE equipment and are serviced by ZTE personnel. However, as noted above, WSOU never clearly establishes that these cell towers contain ZTE equipment as there are no ZTE signs, no exposes ZTE equipment, no ZTE personnel on the premise. Reply at 4. Furthermore, ZTE does not own, lease, operate, manage, maintain, or otherwise exercise possession or control over offices, warehouses, stores, servers, computers, furniture, storage facilities, distribution facilities, post boxes, showrooms, manufacturing facilities, or other facilities, or other real or personal proper in this District. Motion at 18. As to the warehouses, WSOU itself admits that they are owned by CEVA – not ZTE. Resp. at 5-6, 12. The Court thus finds that there is no place of business "of the defendant" in this District.

### CONCLUSION

For the reasons noted above, the Court finds that venue is improper as to both ZTA and ZTX. Neither company resides in this District and neither company has a regular and established place of business within this District. Accordingly, the Court finds that the above-styled cases should be dismissed as to Defendants ZTX and ZTA.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Dismiss (ECF No. 47) is **GRANTED**. It is further **ORDERED** that the above-styled cases are dismissed as to ZTA and ZTX only.

**SIGNED** this 6th day of August 2021.

_____
ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE