## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## WACO DIVISION

| | | |
|---|---|---|
| **WSOU INVESTMENTS LLC D/B/A** | § | |
| **BRAZOS LICENSING AND** | § | **C.A. NO. 6:20-cv-00487-ADA** |
| **DEVELOPMENT,** | § | **C.A. NO. 6:20-cv-00488-ADA** |
| | § | **C.A. NO. 6:20-cv-00489-ADA** |
| *Plaintiff,* | § | **C.A. NO. 6:20-cv-00490-ADA** |
| | § | **C.A. NO. 6:20-cv-00491-ADA** |
| **v.** | § | **C.A. NO. 6:20-cv-00492-ADA** |
| | § | **C.A. NO. 6:20-cv-00493-ADA** |
| **ZTE CORPORATION** | § | **C.A. NO. 6:20-cv-00494-ADA** |
| | § | **C.A. NO. 6:20-cv-00495-ADA** |
| *Defendant.* | § | **C.A. NO. 6:20-cv-00496-ADA** |
| | § | **C.A. NO. 6:20-cv-00497-ADA** |
| | § | |

## DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE TO
## NOTICE OF SUPPLEMENTAL AUTHORITY

Defendant ZTE Corporation ("ZTE") submits this Reply to the Response (Dkt. No. 129)[1]

filed by WSOU Investments LLC d/b/a Brazos Licensing and Development ("WSOU") regarding

the Notice of Supplemental Authority notifying the court of new Federal Circuit authority affecting

(A) ZTE's September 16, 2021, Supplemental Briefing on Transfer Under § 1404(a) (Dkt. No.

118), and (B) December 30, 2020, Motion to Stay, Other than Venue Proceedings (Dkt. No. 49).

In its Response, WSOU argues that Federal Circuit guidance from *Netflix*[2] "may be

disregarded because [it] has no bearing on this case." Dkt. No. 129, p. 1. But that is not the case,

for Federal Circuit guidance should not be disregarded (as WSOU argues). In fact, WSOU is the

---

[1] Citations throughout here refer to WDTX Case Nos. -00487 through -00497, and specific
citations reference to the docket for WDTX Case No. -00487.

[2] *In re Netflix, Inc.*, Case 21-190, 2021 WL 4944826 (Fed. Cir. Oct. 26, 2021) (appeal of Eastern
District of Texas No. 2:21-cv-00080-JRG-RSP) ("*Netflix*").

only party that believes that Federal Circuit guidance should be disregarded, as the Court follows Federal Circuit guidance to the best of its abilities. And, with respect to the Court's standing order on Motions to Transfer, parties are certainly expected to inform the Court when a stay is appropriate so it may handle matters in the most judicially efficient manner (as ZTE attempts to do, but WSOU opposes). As such, it is entirely inappropriate for WSOU to suggest that this Court should "disregard" the guidance from *Netflix*—in a Notice Response no less. Dkt. No. 129, p. 1.

WSOU further argues that the *Netflix* opinion and specific citations do not constitute "new authority" because the quoted language—as WSOU argues—"comes from prior Federal Circuit and 5th Circuit opinions." Dkt. No. 129, p. 2. Yet again, WSOU missteps. For instance, the Federal Circuit in *Netflix* finds that "[a] stay of merits proceedings is appropriate relief if the district court cannot decide a venue motion quickly enough to avoid burdening the moving party with unnecessary expense and prejudice." *Netflix*, at *2. The Federal Circuit does not cite any other ruling for this language on staying cases—from the Federal or Fifth Circuit, or anywhere. Thus, WSOU's argument that the specific language quoted is not "new authority" falls flat, as it is new.

Next, WSOU erroneously argues that ZTE's December 30, 2020, Motion to Stay (Dkt. No. 49) is moot. Dkt. No. 129, p. 2. The Court, however, never ruled on the pending Motion to Stay, nor ruled it moot. Dkt. Nos. 105 and 116. In fact, in the Motion to Stay, ZTE "respectfully request[ed] [that] all issues unrelated to venue be stayed," Dkt. No. 49, p. 2, and has continued to request these cases be stayed until resolution of all venue issues—thereby embodying the very relief this Court requests for a stay. The Motion to Stay is alive and this *Netflix* guidance is very much on point.

Lastly, WSOU argues that *Netflix* is inapplicable because there is an insufficient amount of delay in resolving the pending venue issues. And, rather than withdrawing its opposition to a

stay, WSOU further argues that "the proper course is to jointly request a hearing . . . rather than request a stay," Dkt. No. 129, which is directly opposite to the findings in *Netflix* where the Federal Circuit clearly states that a "stay of merits proceedings is appropriate relief if the district court cannot decide a venue motion quickly enough to avoid burdening the moving party with unnecessary expense and prejudice." *Netflix*, at *2 (further finding that "delays in resolving transfer motions, coupled with ongoing discovery, claim construction, and other proceedings, frustrate the purpose of § 1404(a) by forcing defendants 'to expend resources litigating substantive matters in an inconvenient venue while a motion to transfer lingers unnecessarily on the docket.'"). Venue issues remain pending and unresolved in these cases since December 4, 2020 (Dkt. 47, p. 7), fact discovery closes in less than a month on December 17, 2021 (over a year later), yet WSOU continues to oppose a stay while insisting on proceeding through fact discovery. Under WSOU's understanding of *Netflix*, no court could ever grant a stay—unfortunately for WSOU, the Federal Circuit does not agree.

ZTE's Motion to Stay, Other than Venue Proceedings (Dkt. No. 49), has been pending since December 2020; and ZTE's Supplemental Briefing on Transfer and the Motion to Stay (Dkt. No. 118) which incorporates several venue issues lingering since December 2020, has been pending since September 16, 2021. The Federal Circuit guidance from *Netflix* applies here.

DATED:  November 5, 2021           Respectfully submitted,

*/s/Lionel M. Lavenue*
Lionel M. Lavenue
Virginia Bar No. 49,005
lionel.lavenue@finnegan.com
**FINNEGAN, HENDERSON, FARABOW,
GARRETT & DUNNER, LLP**
1875 Explorer Street, Suite 800
Reston, VA 20190
  Phone:  (571) 203-2700
  Fax:     (202) 408-4400

Attorney for Defendant,
ZTE Corporation

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system on November 5, 2021.

/s/Lionel M. Lavenue
Lionel M. Lavenue