IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| WSOU INVESTMENTS LLC D/B/A<br>BRAZOS LICENSING AND<br>DEVELOPMENT,<br>    *Plaintiff*<br><br>-vs-<br><br><br>ZTE CORPORATION,<br>    *Defendants* | § § § § § § § § § § § § § § § | C.A. NO. 6:20-CV-00487-ADA<br>C.A. NO. 6:20-CV-00488-ADA<br>C.A. NO. 6:20-CV-00489-ADA<br>C.A. NO. 6:20-CV-00490-ADA<br>C.A. NO. 6:20-CV-00491-ADA<br>C.A. NO. 6:20-CV-00492-ADA<br>C.A. NO. 6:20-CV-00493-ADA<br>C.A. NO. 6:20-CV-00494-ADA<br>C.A. NO. 6:20-CV-00495-ADA<br>C.A. NO. 6:20-CV-00496-ADA<br>C.A. NO. 6:20-CV-00497-ADA |

## **ORDER**

Having considered the parties' supplemental briefing on transfer of venue under 28 U.S.C. §1404(a), the Court denies defendant ZTE Corporation's ("ZTE Corp.") request to transfer the above-titled actions to the Northern District of Texas ("NDTX"). Plaintiff WSOU initiated these actions against ZTE Corp and another two ZTE entities—ZTE (USA), Inc. ("ZTE USA") and ZTE (TX), Inc. ("ZTE TX")—on June 3, 2020. ECF No. 1. The Court subsequently dismissed ZTE USA and ZTE TX from these actions for improper venue. ECF No. 105. Afterwards, ZTE USA filed a parallel litigation in the NDTX involving the same Patents-in-Suit. *See ZTE (USA) Inc. v. WSOU Investments, LLC,* civil no. 3:21-cv-02128 (N.D. Tex. Sept. 7, 2021) ("the NDTX Action"). ZTE Corp. now requests this Court to transfer these actions to the NDTX, asserting that judicial economy warrants the application of an exception to the "first-to-file" rule. ECF No. 118 at 3.

1

The "first-to-file" rule is a "doctrine of federal comity, intended to avoid conflicting decisions and promote judicial efficiency." *Merial Ltd. v. Cipla Ltd.*, 681 F.3d 1283, 1299 (Fed. Cir. 2012). The first-to-file doctrine generally favors pursuing the first-filed action, but "the rule is not rigidly or mechanically applied." *In re Voip-Pal.com, Inc.*, 845 F. App'x 940, 942 (Fed. Cir. 2021). Exceptions to the first-to-file rule are warranted when "sound reason [exists] that would make it unjust or inefficient to continue the first-filed action." *Elecs. For Imaging, Inc. v. Coyle*, 394 F.3d 1341, 1347 (Fed. Cir. 2005).

The Court does not find that judicial economy warrants the application of an exception to the "first-to-file" rule in these actions. ZTE USA is not an indispensable party in these actions. These actions have been litigated before the Court since June 3, 2020 and have been moving forward at a relatively fast pace. Claim construction for these actions has already been fully briefed. The parties have been conducting fact discovery for over four months, and the Court has resolved numerous discovery disputes between the parties. By contrast, the only significant movement in the NDTX Action since it was filed on September 7, 2021 is that the parties have completed their briefing for motion to dismiss, which is still pending resolution as of today. Therefore, the Court does not find that transferring these actions to the NDTX would promote the efficient resolution of the disputes between the parties or judicial economy.

It is therefore **ORDERED** that ZTE Corp.'s request to transfer these actions to the NDTX (ECF No. 118) is **DENIED**.

SIGNED this 3rd day of January, 2022.

_____
ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE