# EXHIBIT 27

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | | |
|---|---|---|
| **WSOU INVESTMENTS LLC D/B/A** | § | |
| **BRAZOS LICENSING AND** | § | **C.A. NO. 6:20-cv-00487-ADA** |
| **DEVELOPMENT,** | § | **C.A. NO. 6:20-cv-00488-ADA** |
| | § | **C.A. NO. 6:20-cv-00489-ADA** |
| *Plaintiff,* | § | **C.A. NO. 6:20-cv-00490-ADA** |
| | § | **C.A. NO. 6:20-cv-00491-ADA** |
| **v.** | § | **C.A. NO. 6:20-cv-00492-ADA** |
| | § | **C.A. NO. 6:20-cv-00493-ADA** |
| **ZTE CORPORATION** | § | **C.A. NO. 6:20-cv-00494-ADA** |
| | § | **C.A. NO. 6:20-cv-00495-ADA** |
| *Defendants.* | § | **C.A. NO. 6:20-cv-00496-ADA** |
| | § | **C.A. NO. 6:20-cv-00497-ADA** |
| | § | |

**DEFENDANT ZTE CORPORATION'S FIRST SET OF REQUESTS FOR**
**PRODUCTION (NOS. 1-70)**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Defendant ZTE Corporation ("ZTE") requests that Plaintiff WSOU Investments LLC d/b/a Brazos Licensing and Development ("Plaintiff" or "WSOU") respond to these requests in writing, in accordance with the definitions and instructions contained herein, and produce all documents and things in Plaintiff's possession, custody, or control that are requested below, within thirty (30) days after service pursuant to the Federal Rules of Civil Procedure, and at the office of Finnegan, Henderson, Farabow, Garrett & Dunner, LLP, 1875 Explorer Street, Suite 800, Reston, VA 20190-6023.

**DEFINITIONS**

As used herein and all further Requests, unless specified otherwise, the following definitions apply:

1.     The terms "You," "Your," "Plaintiff," and "WSOU" refer collectively to WSOU Investments LLC d/b/a Brazos Licensing and Development ("WSOU"), its predecessors-in-

interest, parents, subsidiaries, joint ventures, affiliates, and other legal entities that are wholly or partially owned or controlled by WSOU, either directly or indirectly, and the principals, directors, officers, owners, members, representatives, employees, agents, consultants, accountants, and attorneys of these same entities.

2.     The terms "Defendant" and "ZTE" refer to ZTE Corporation. ("ZTE").

3.     References to these "lawsuits," "cases," or "actions" mean the above-captioned actions.

4.     The term "Document" is synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Rule 34(a)(l)(A) of the Federal Rules of Civil Procedure. A draft or non-identical copy is a separate document within the meaning of this term. By way of illustration, and without limitation, documents include at least the following: originals, drafts, and all non-identical copies of memoranda, reports, notes, graphs, laboratory notebooks, correspondence, interoffice communications, letters, diaries, calendars, photographs, motion pictures, sketches, drawings, promotional material, technical papers, printed publications, patents, records, reports, and all other writings, as well as all non-paper information storage means such as sound reproductions, computer inputs and outputs, tape, film and computer memory devices, as well as tangible things such as models, modules, prototypes, and commercially saleable products.

5.     The term "Thing" means any tangible item, including without limitation, models, prototypes and samples of any device or apparatus or product.

6.     "Accused Product(s)" means the instrumentalities identified in WSOU's Amended Complaint, as well as its Final Infringement Contentions.

7.     The "'505 patent" means U.S. Patent No. 7,203,505.

8.      The "'071 patent" means U.S. Patent No. 8,147,071.

9.      The "'905 patent" means U.S. Patent No. 8,730,905.

10.     The "'960 patent" means U.S. Patent No. 8,179,960.

11.     The "'240 patent" means U.S. Patent No. 7,487,240.

12.     The "'929 patent" means U.S. Patent No. 7,489,929.

13.     The "'839 patent" means U.S. Patent No. 8,451,839.

14.     The "'232 patent" means U.S. Patent No. 9,258,232.

15.     The "'036 patent" means U.S. Patent No. 9,185,036.

16.     The "'060 patent" means U.S. Patent No. 9,294,060.

17.     The "'534 patent" means U.S. Patent No. 7,742,534.

18.     The term "WSOU Asserted Patent(s)" means the '505 patent, the '071 patent, the '905 patent, the '960 patent, the '240, the '929 patent, the '839 patent, the '232 patent, the '036 patent, the '060 patent, and the '534, collectively, any other patent that may be added to this litigation by Plaintiff, and the applications that led to the issuance of any of the foregoing patents.

19.     The term "WSOU Asserted Claim(s)" means each claim of each WSOU Asserted Patent that Plaintiff alleges Defendant infringes, either directly or indirectly, literally or by the doctrine of equivalents.

20.     References to "IPR Proceedings" mean the inter partes review proceedings IPR2021-00694, IPR2021-00695, IPR2021-00696, IPR2021-00697, IPR2021-00698, and IPR2021-00699 that Defendant initiated against Plaintiff challenging respectively the '929, the '071 patent, the '960 patent, '060 patent, the '505 patent, and the '534 patent.

21.     The term "WSOU Covered Product(s)" refers to any Product that Plaintiff contends practices or embodies any purported invention described or claimed in the WSOU Asserted Patents, including any Products made by Plaintiff or Third parties.

22.     The term "Communication" means every manner or method of the disclosure, transfer, or exchange of information, whether orally, electronically, or by Document, and whether face to face or by telephone, mail, facsimile, E-mail, video, instant message, internet Communication, or otherwise.

23.     The term "Product" means any machine, manufacture, apparatus, device, system, process, service, method, or instrumentality which is designed to function together electrically, mechanically, chemically, or otherwise, to achieve a particular function or purpose, including those offered for sale, sold, imported, or under development.

24.     The term "Components" means a constituent part of a device, including, but not limited to, assemblies, subassemblies, modules, individual integrated devices, Software, Processors, and/or application specific integrated circuits.

25.     The term "Hardware" means any form of components, interconnections, circuits (both analog and digital), semiconductor devices, circuit boards, and assemblies of same.

26.     The terms "Infringe," "infringing," "infringed," and "infringement" mean direct infringement, indirect infringement, contributory infringement, induced infringement, literal infringement and/or infringement under the doctrine of equivalents.

27.     The term "Named Inventors" means each of the inventors named on the face of each of the WSOU Asserted Patents.

28.     The terms "Person" and "Individual" mean any natural person.

29.     The term "Related Patent(s)" means any parent or ancestral patent or application related in any way to a given patent and any continuing application, continuation-in-part application, divisional application, file-wrapper continuation, reexamination proceeding, reissue application, abandoned application or foreign counterpart application for that patent.

30.     The term "Prior Art" is used in these Requests in the same sense that it is used in 35 U.S.C. §§ 102 or 103 and includes without limitation, any patent, publication, physical device, prototype, knowledge, use, sale, offer for sale, any documents or other items evidencing any of the foregoing, and/or any other act or event defined in 35 U.S.C. § 102, taken singly or in combination, and having or occurring at a date such as to be potentially relevant under any subsection of 35 U.S.C. §§ 102 or 103.

31.     The term "Manufacture" means to make, including at least experimentally or commercially.

32.     The term "Software" means any form of code, including Source Code, object code, complied code, byte code, interpreted code, firmware, and any form of code stored in any storage medium or received by a device.

33.     The term "Source Code" means any text that is written in a human-readable programming language. Source Code for different versions of Software may exist, where a version is referenced by a build number, product version number, or other designation as identified by Plaintiff's Source Code control system and/or Software development practices. A reference to "Source Code" shall mean all versions of the Software released as a commercial product or used in the construction of Software released as a commercial product. Source code should be produced in an electronic form that maintains the original character encoding of the text, such as ASCII or Unicode text files, searchable by character-based tools without the need for Optical Character

Recognition (OCR) of a binary image (for example, TIFF) file. Source Code should maintain the original character encoding of the text and maintain format control characters including but not limited to tab, space, and quotation characters to maintain the original programmer-intended indenting structure.

34.     The term "Third party" and "Third parties" refer to any Persons(s) other than Plaintiff or Defendant.

## **INSTRUCTIONS**

1.      You are to provide full and complete responses to the following requests, after conducting a diligent and thorough investigation into all information within your possession, custody, or control. If You cannot provide a full and complete response to any request, You should respond to the request to the extent possible, specifying the portion of the request You are unable to answer and providing any information you have regarding the unanswered portion.

2.      The response to a request for production shall not be supplied by referring to the response to another request for production unless the response to the request for production being referred to supplies a complete and accurate answer to the request for production being answered.

3.      In accordance with the requirements of Rule 26(e) of the Federal Rules of Civil Procedure, You are under a duty to supplement all responses to these requests to include information acquired after service of the responses, even if such responses were correct or complete when first provided.

4.      In the event that You object to any request for production on the ground that it is overbroad and/or unduly burdensome for any reason, respond to that request for production as narrowed to the least extent necessary, in your judgment, to render it not overbroad/unduly

burdensome and state specifically the extent to which You have narrowed that request for production for purposes of your response.

5.      In the event that You object to any request for production on the ground that it is vague and/or ambiguous, identify the particular words, terms, or phrases that You claim make the request vague and/or ambiguous and specify the meaning actually attributed by You to such words for purposes of your response thereto.

6.      All Documents that are in paper form or that constitute other physical objects from which information may be visually read or viewed, as well as audio or video tapes and similar recordings, shall be produced in their original form or in copies that are exact duplicates of the originals. All electronic Documents shall be produced in a commonly readable and searchable electronic form and shall include all metadata (*i.e.*, information describing how, when, and by or to whom the electronic Document was collected, created, accessed, modified, formatted, distributed, etc.), as required by the Delaware Default Standard for Discovery, Including Discovery of Electronically Stored Information (ESI).

7.      In the event any Document is withheld on a claim of attorney-client privilege, work-product immunity, common interest privilege, or any other privilege from disclosure, You shall identify: (a) the date of the information; (b) the source of the information; (c) names and addresses of all persons to whom that information was disclosed; and (d) the general subject matter of the information.

8.      In the event that any Document called for by this Set of Requests has been destroyed, lost, discarded, or otherwise disposed of, any such Document is to be identified as completely as possible, including, without limitation, the following information: date of disposal,

manner of disposal, reason for disposal, person authorizing disposal, and person who disposed of the Document.

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1**:

Plaintiff's registration and incorporation Documents.

**REQUEST FOR PRODUCTION NO. 2**:

Plaintiff's annual report for each year, beginning with the year 2014.

**REQUEST FOR PRODUCTION NO. 3**:

Documents and things sufficient to identify Plaintiff's past and current predecessors and affiliates, including parent companies, subsidiaries, partnerships, joint ventures, divisions, and shareholders.

**REQUEST FOR PRODUCTION NO. 4**:

Documents sufficient to show the involvement of any Third Party with the establishment, operation, and control of, and/or financial interest in, Plaintiff and Plaintiff's activities related to these actions.

**REQUEST FOR PRODUCTION NO. 5**:

All Documents and things relating to the ownership, title, transfer, or assignment of each of the WSOU Asserted Patents or Related Patents.

**REQUEST FOR PRODUCTION NO. 6**:

All Documents relating to any transactions that led to Plaintiff's ownership of the WSOU Asserted Patents.

**REQUEST FOR PRODUCTION NO. 7**:

All Documents relating to any assignment, license, or other agreement relating to the WSOU Asserted Patents and any Related Patent between Plaintiff or any affiliates, subsidiaries, parents, predecessors-in-interest, other legal entities that are wholly or partially owned or controlled by Plaintiff.

**REQUEST FOR PRODUCTION NO. 8**:

All Documents and things relating to any security interest in or lien on any of the WSOU Asserted Patents at any time.

**REQUEST FOR PRODUCTION NO. 9**:

All Documents and things related to the current and past financial interests in each of the WSOU Asserted Patents, any foreign counterparts to any of the WSOU Asserted Patents, and any and all other Plaintiff's patents or patent applications that disclose an allegedly similar or related technology to any of the WSOU Asserted Patents, and Documents sufficient to show the nature of Plaintiff's relationship with every Persons or entity so identified.

**REQUEST FOR PRODUCTION NO. 10**:

All Documents relating to any findings of validity, infringement, enforceability, invalidity, noninfringement, or unenforceability of any of the WSOU Asserted Patents or any Related Patent.

**REQUEST FOR PRODUCTION NO. 11**:

All Documents relating to any assessments, evaluations, or considerations of validity, infringement, enforceability, invalidity, noninfringement, or unenforceability for any of the WSOU Asserted Patents or any Related Patent.

**REQUEST FOR PRODUCTION NO. 12**:

All Documents relating to the validity or patentability of any of the WSOU Asserted Patents or any Related Patent, including all Documents and things relating to any patents, publications, prior knowledge, public uses, sales, or offers for sale, that may constitute, contain, disclose, refer to, relate to, or embody any Prior Art to the subject matter of any claim of any of the WSOU Asserted Patents.

**REQUEST FOR PRODUCTION NO. 13**:

All Documents relating to the enforceability of any of the WSOU Asserted Patents or Related Patents.

**REQUEST FOR PRODUCTION NO. 14**:

All Documents relating to any investigation or consideration of the patentability of any subject matter described or claimed in any of the WSOU Asserted Patents.

**REQUEST FOR PRODUCTION NO. 15**:

All Documents related to any prior use, knowledge, invention, conception, reduction to practice, sale, or offer for sale of the inventions claimed in any of the WSOU Asserted Patents or Related Patents.

**REQUEST FOR PRODUCTION NO. 16**:

All Documents and things relating to any act of diligence leading to the reduction to practice of the subject matter of each claim of each of the WSOU Asserted Patents and any Related Patent, including, without limitation, any engineering notebooks, laboratory notebooks, log books, record books, memoranda, design reviews, progress reports, technical reports, drawings, schematics, specifications, diagrams, Source Code, HDL specifications, diaries, calendars, test results, invention disclosures, patent prosecution records, or any other Documents

or things which Plaintiff contends corroborate any act of diligence leading to the reduction to practice.

**REQUEST FOR PRODUCTION NO. 17**:

All Documents relating to any prior art searches, evaluations, or opinions regarding any of the WSOU Asserted Patents or Related Patents, any technical studies or information regarding any of the WSOU Asserted Patents or Related Patents, or any legal opinions relating to any of the WSOU Asserted Patents or Related Patents.

**REQUEST FOR PRODUCTION NO. 18**:

All Documents and things concerning any motivation to combine any prior art teachings to yield the subject matter disclosed or claimed in any of the WSOU Asserted Patents.

**REQUEST FOR PRODUCTION NO. 19**:

All Documents and things relating to the first disclosure to a Person other than a Named Inventor of the subject matter of any claim of any of the WSOU Asserted Patents or any Related Patent.

**REQUEST FOR PRODUCTION NO. 20**:

With respect to each of the WSOU Asserted Patents, all Documents and things relating to whether: (a) the subject matter of any claim allegedly satisfied a long felt need in the art to which they pertain, (b) the industry failed to solve problems that allegedly are solved by the subject matter of any claim, (c) experts in the industry allegedly expressed skepticism concerning the subject matter of any claim, (d) the subject matter of any claim allegedly has been a commercial success, the industry allegedly has recognized the significance of the subject matter of any claim, (f) the subject matter of any claim allegedly has been copied by others in the industry, and (g) the subject matter of any claim allegedly achieved unexpected results.

**REQUEST FOR PRODUCTION NO. 21**:

All Documents and things upon which Plaintiff intends to rely to support the validity of any WSOU Asserted Claims, including, without limitation, evidence of objective indicia of nonobviousness and other evidence of alleged novelty or non-obviousness.

**REQUEST FOR PRODUCTION NO. 22**:

All Documents related to what Plaintiff contends to be the level of ordinary skill in the art for each of the WSOU Asserted Patents.

**REQUEST FOR PRODUCTION NO. 23**:

All Documents relating to any analysis or opinions, written or oral, as to the patentability, unpatentability, validity, novelty, obviousness, invalidity, enforceability, unenforceability, Infringement, or noninfringement of any claim of any of the WSOU Asserted Patents, or to the preparation of any such opinions, or which were considered in formulating any such opinions.

**REQUEST FOR PRODUCTION NO. 24**:

All Documents relating to any research, development, manufacturing, testing, and analysis relating to the subject matter disclosed or claimed in any of the WSOU Asserted Patents or any Related Patents, including Documents sufficient to identify worldwide location(s) of such testing, companies or Individuals who performed the testing, when such testing was conducted, the purchase date of any of these products for testing, the results of each investigation or test, and three samples of any system tested.

**REQUEST FOR PRODUCTION NO. 25**:

All Communications with Named Inventors relating to the WSOU Asserted Patents and/or Accused Products and/or an attorney involved in the prosecution of any of the WSOU Asserted Patents.

**REQUEST FOR PRODUCTION NO. 26**:

All patent applications and file histories for any WSOU Asserted Patents or Related Patent, including but not limited to all foreign and/or domestic applications that any of the WSOU Asserted Patents cite or otherwise rely on for a priority claim.

**REQUEST FOR PRODUCTION NO. 27**:

All Documents relating to the invention date of any invention claimed in any of the WSOU Asserted Patents or any Related Patents for which the applicant(s) swore behind any prior art reference during prosecution.

**REQUEST FOR PRODUCTION NO. 28**:

All Documents and things related to the prosecution of each of the WSOU Asserted Patents and any patent asserted with any of the WSOU Asserted Patents in any other action or proceeding.

**REQUEST FOR PRODUCTION NO. 29**:

All Documents and things relating to or supporting any contention by Plaintiff that any WSOU Asserted Claim is entitled to a priority date prior to its effective filing date as indicated on the patent itself.

**REQUEST FOR PRODUCTION NO. 30**:

All transcripts (including printed transcripts, audiotapes, witness statements, and videotapes) of any sworn testimony ever given by any Named Inventor.

**REQUEST FOR PRODUCTION NO. 31**:

All Documents and things related to any description of any invention claimed or described in of any of the WSOU Asserted Patents and any Related Patent, including, without

limitation, all "invention disclosures" and other descriptions authored by or with the input of any Named Inventor.

**REQUEST FOR PRODUCTION NO. 32**:

All Documents that refer or relate to any allegation, by any Persons or entity, that a Named Inventor of a WSOU Asserted Patent, or anyone acting on his or her behalf or that of the assignee of the patent, committed inequitable conduct during the prosecution of a WSOU Asserted Patent or Related Patent.

**REQUEST FOR PRODUCTION NO. 33**:

All Documents upon which Plaintiff relies for their contention, if any, that Defendant infringes any WSOU Asserted Claims of any of the WSOU Asserted Patents.

**REQUEST FOR PRODUCTION NO. 34**:

All Documents on which Plaintiff relies to support any claim of alleged indirect infringement in this action.

**REQUEST FOR PRODUCTION NO. 35**:

All Documents relating to whether the Accused Products practice the WSOU Asserted Claims of any of the WSOU Asserted Patents, including, without limitation, all Documents concerning any test or evaluation of any Defendant's devices, apparatuses, methods, processes, or systems conducted by Plaintiff or on Plaintiff's behalf.

**REQUEST FOR PRODUCTION NO. 36**:

All Documents relating to Plaintiff's first knowledge or awareness of Defendant's activities, or products that allegedly infringe any claim of any of the WSOU Asserted Patents.

**REQUEST FOR PRODUCTION NO. 37**:

All Documents relating to Plaintiff's decision to commence litigation asserting

Infringement by Defendant of the WSOU Asserted Claims.

**REQUEST FOR PRODUCTION NO. 38**:

Documents relating to the knowledge by Defendant, of any of the WSOU Asserted

Patents or Related Patents prior to the filing of the Complaint in this action against Defendant.

**REQUEST FOR PRODUCTION NO. 39**:

All Documents relating to any comparison between or analysis of any of the WSOU

Asserted Patents and Related Patents and any model and version of the Accused Products.

**REQUEST FOR PRODUCTION NO. 40**:

All Documents relating to any comparison between the WSOU Asserted Patents and any

Accused Products.

**REQUEST FOR PRODUCTION NO. 41**:

All Documents relating to Plaintiff's policies and practices for evaluating potential

Infringement of Plaintiff's alleged patent rights, including any internal system or process which

has been used by Plaintiff for identifying, reviewing, evaluating, or tracking intellectual property

rights.

**REQUEST FOR PRODUCTION NO. 42**:

All Documents relating to Plaintiff's (including predecessors in interest, affiliates,

subsidiaries, and related entities) negotiations, settlements, license agreements, covenant,

nonassertion right, or other arrangement related to any allegations of Infringement of any of the

WSOU Asserted Patents or any Related Patent.

**REQUEST FOR PRODUCTION NO. 43**:

All Documents regarding the relationship between Plaintiff and any Plaintiff's licensee related to the WSOU Asserted Patents or any Related Patent, including any license agreements, contracts, agreements, ownership interests, investments, and arrangements concerning this, or any other, action.

**REQUEST FOR PRODUCTION NO. 44**:

All Documents concerning payments from Third Parties to Plaintiff related to any of the WSOU Asserted Patents or any Related Patent, including but not limited to royalty payments, payments under settlement agreements, payments for options, or payments related to damage awards.

**REQUEST FOR PRODUCTION NO. 45**:

All Documents relating to any Communications between Plaintiff and any potential or actual licensee relating to the WSOU Asserted Patents, any Related Patent, and/or Accused Products.

**REQUEST FOR PRODUCTION NO. 46**:

All Documents and things relating to the need, value, or possible terms of a license under the WSOU Asserted Patents or Related Patents, the existence of such a license, or other arrangement pertaining to manufacture, use, sale, offers for sale, or importation of the Accused Products.

**REQUEST FOR PRODUCTION NO. 47**:

All Documents and things relating to any license, contract, settlement agreement, covenant, nonassertion right, offer to license, offer to sell ownership, or other arrangement under

any patents that Plaintiff believe are relevant to any of the WSOU Asserted Patents or Related Patents.

**REQUEST FOR PRODUCTION NO. 48**:

Documents sufficient to show Plaintiff's document retention and destruction policies from 2014 to the present, including but not limited to suspensions or resumptions of those policies due to actual or prospective litigation.

**REQUEST FOR PRODUCTION NO. 49**:

All Documents related to any non-privileged Communications between Plaintiff and any other entity concerning any of the WSOU Asserted Patents, any Related Patent, any Accused Products, any IPR Proceedings, any of these actions, or Defendant.

**REQUEST FOR PRODUCTION NO. 50**:

All Documents relating to any non-privileged Communications between Plaintiff and any other entity relating to indemnification agreements, litigation agreements, privilege agreements, or confidentiality agreements that relate in any way to the WSOU Asserted Patents, any Related Patent, any Accused Products, any IPR Proceedings, any of these actions, or Defendant.

**REQUEST FOR PRODUCTION NO. 51**:

All Documents related to any non-privileged internal Communications concerning any of the WSOU Asserted Patents, any Related Patent, any Accused Products, any IPR Proceedings, any of these actions, or Defendant, including but not limited to minutes and notes of any managers meetings, board meetings, officers meetings, and/or shareholder meetings, and any Documents or things presented at any such meetings.

**REQUEST FOR PRODUCTION NO. 52**:

All Documents and things related to any of Your board meetings, including but not limited to meeting minutes and presentations, regarding the Accused Products.

**REQUEST FOR PRODUCTION NO. 53**:

All transcripts and recordings of any Plaintiff's investor, earnings, or analyst calls that mention Defendant.

**REQUEST FOR PRODUCTION NO. 54**:

All Documents and things relating to these actions obtained from Third Parties, regardless of whether such Documents or things were obtained through subpoena.

**REQUEST FOR PRODUCTION NO. 55**:

Documents and things sufficient to identify each consultant or expert that has communicated with Plaintiff, provided any services to Plaintiff, or provided any materials or information to Plaintiff with respect to the WSOU Asserted Patents, any Related Patent, any Accused Products, any IPR Proceedings, any of these actions, or Defendant.

**REQUEST FOR PRODUCTION NO. 56**:

The curriculum vitae of any Persons that have prepared or will prepare an expert report on Plaintiff's behalf in this action.

**REQUEST FOR PRODUCTION NO. 57**:

All Documents and things provided to, viewed by, considered by, relied upon or created by any Persons that have prepared or will prepare an expert report on Plaintiff's behalf in this action.

**REQUEST FOR PRODUCTION NO. 58**:

All Documents and things related to Communications between Plaintiff and any consultant or expert relating to the WSOU Asserted Patents, Related Patents, Accused Products, any of the IPR Proceedings, these actions, or Defendant.

**REQUEST FOR PRODUCTION NO. 59**:

All Documents and things related to these actions that were referred to, prepared by, or provided to any Persons who Plaintiff expect to call as a witness (including both fact and expert witnesses) at any hearing in this action.

**REQUEST FOR PRODUCTION NO. 60**:

All Documents and things related to retention and/or compensation (by Plaintiff or on their behalf) of, the time spent by, or fees or other compensation paid to, any Persons in connection with this matter whom Plaintiff expects to call as an expert witness at any hearing in this action.

**REQUEST FOR PRODUCTION NO. 61**:

All Documents related to the any of the WSOU Asserted Patents or any Related Patents in each litigation or proceeding for which Plaintiff has asserted any of the WSOU Asserted Patents or any Related Patents, including but not limited to (a) pleadings, (b) discovery requests and responses, (c) Documents produced in response to document requests, (d) privilege logs, (e) interrogatories and responses, (f) requests for admissions and responses, (g) notices of depositions, (h) deposition transcripts and exhibits, (i) notices under 35 U.S.C. § 282, (h) expert reports and exhibits, (j) motions, memoranda, responses, replies, and sur-replies, and exhibits thereto, (k) trial exhibits and exhibit lists, (l) trial transcripts, (m) pre-trial and post-trial briefs,

(n) notices, orders, decisions, opinions, and other Documents issued by the Court, and (o) correspondence.

**REQUEST FOR PRODUCTION NO. 62**:

Transcripts, witness statements, and video records of testimony given in any proceeding by anyone Plaintiff expects to call as a witness in these actions.

**REQUEST FOR PRODUCTION NO. 63**:

All Documents and things relied upon, identified, referred to, referenced, consulted, or examined in preparing for any deposition noticed by Defendant.

**REQUEST FOR PRODUCTION NO. 64**:

For each affirmative defense asserted by Defendant in this action, all Documents that Plaintiff alleges support or form the basis of their contention that each such affirmative defense does not bar Plaintiff's cause of action.

**REQUEST FOR PRODUCTION NO. 65**:

All Documents and things identified by, requested to be identified by, referenced by, or related to any interrogatory or other discovery request served in this action or any Plaintiff's response or supplemental response to an interrogatory or other discovery request served by Defendant in these actions.

**REQUEST FOR PRODUCTION NO. 66**:

All Documents and things used, considered, or relied upon by Plaintiff in the preparation of any discovery response served in this action or any supplemental response to any interrogatory, request for admission, or other discovery request served in these actions.

**REQUEST FOR PRODUCTION NO. 67**:

All Documents and things Plaintiff may use as exhibits and/or offer as evidence at a deposition, hearing, or at trial for these actions.

**REQUEST FOR PRODUCTION NO. 68**:

All Documents relating to any notice or marking (as described in 35 U.S.C. § 287) that Plaintiff has ever performed with respect to the WSOU Asserted Patents.

**REQUEST FOR PRODUCTION NO. 69**:

All Documents relating to any alleged damages that Plaintiff is claiming in these actions, including all Documents on which Plaintiff intends to rely as evidence supporting any damages theory that Plaintiff intends to assert in this action—including without limitation, all Documents that comprise the basis for any calculations of lost profits, price erosion, or a reasonable royalty under 35 U.S.C. § 284 (including a reasonable royalty rate and a reasonable royalty base) for the WSOU Asserted Patents, as well as any notice provided by marking the number of the WSOU Asserted Patents or any Related Patent on any product or device used, sold, or offered for sale by or under Plaintiff's authority or the authority of Plaintiff's predecessors-in-interest.

**REQUEST FOR PRODUCTION NO. 70**:

All Documents relating to any valuation of the WSOU Asserted Patents or Related Patents, whether standing alone or as part of a larger portfolio.

DATED: October 25, 2021

Respectfully submitted,

_/s/Lionel M. Lavenue_____
Lionel M. Lavenue, Esq. (Lead Counsel)
lionel.lavenue@finnegan.com
Bradford C. Schulz, Esq.
bradford.schulz@finengan.com
**FINNEGAN, HENDERSON, FARABOW,**
**GARRETT & DUNNER, LLP**
1875 Explorer Street, Suite 800
Reston, VA 20190
Phone:  (571) 203-2700
Fax:      (202) 408-4400

**ATTORNEYS FOR DEFENDANTS**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that all counsel of record, who are deemed to have consented to electronic service, are being served on October 25, 2021 with a copy of this document via email.

*/s/Lionel M. Lavenue*
Lionel M. Lavenue
