**PUBLIC VERSION**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | | |
|---|---|---|
| **WSOU INVESTMENTS LLC D/B/A** | § | |
| **BRAZOS LICENSING AND** | § | **C.A. NO. 6:20-cv-00487-ADA** |
| **DEVELOPMENT,** | § | **C.A. NO. 6:20-cv-00488-ADA** |
| | § | **C.A. NO. 6:20-cv-00489-ADA** |
| *Plaintiff,* | § | **C.A. NO. 6:20-cv-00490-ADA** |
| | § | **C.A. NO. 6:20-cv-00491-ADA** |
| **v.** | § | **C.A. NO. 6:20-cv-00492-ADA** |
| | § | **C.A. NO. 6:20-cv-00493-ADA** |
| **ZTE CORPORATION,** | § | **C.A. NO. 6:20-cv-00494-ADA** |
| | § | **C.A. NO. 6:20-cv-00495-ADA** |
| *Defendant.* | § | **C.A. NO. 6:20-cv-00496-ADA** |
| | § | **C.A. NO. 6:20-cv-00497-ADA** |
| | § | |
| | § | **JURY TRIAL DEMANDED** |
| | § | |
| | § | █████████████ |

**DEFENDANT'S OPPOSED MOTION TO DISMISS FOR LACK OF SUBJECT**
**MATTER JURISDICTION UNDER FEDERAL RULE OF CIVIL PROCEDURE 12(b)(1)**

**PUBLIC VERSION**

████████████████

## TABLE OF CONTENTS

I.    Introduction: Out of the Ashes of NPE Uniloc, Newly Formed NPE WSOU
      Likewise Lacks Standing to Bring These Actions ................................................ 1

II.   Factual Background: The Factual Record Fails to Support Standing ................................ 3

      A.    The Patent Recorded Assignment Histories .............................................. 3

            1.    The Terrier Patents ................................................................ 5

            2.    The Skylight Patents ............................................................... 6

      B.    The Patent Purchase Agreements for the Patents .................................... 6

III.  Statement of Venue Law: WSOU Bears the Burden to Prove Standing ........................... 7

IV.   Argument: ████████████████████████████
      ██████████████████ ........................................... 10

      A.    ████████████████████████████
            ████████ ........................ 10

      B.    ████████████████████ ............................... 14

      C.    ████████████████████████ ................ 15

V.    Argument: ██████████████████████████
      ████████████████ ....................... 18

      A.    ████████████████████ ................................ 19

      B.    ████████████████████████████
            ████ ........................................ 20

VI.   Argument: WSOU's Withholding of Production Warrants Additional Remedies ........... 20

VII.  Conclusion: The Court Should Dismiss with Prejudice Claims of Infringement ............. 25

**PUBLIC VERSION**
███████████████

### TABLE OF AUTHORITIES

**Cited Cases**                                                                 **Pages**

*Abbott Point of Care Inc. v. Epocal, Inc.*,
    666 F.3d 1299 (Fed. Cir. 2012)                           7

*Abraxis Bioscience, Inc. v. Navinta LLC*,
    625 F.3d 1359 (Fed. Cir. 2010)                           8, 9

*Alexsam, Inc. v. IDT Corp.*,
    715 F.3d 1336 (Fed. Cir. 2013)                           24

*Alldread v. City of Grenada*,
    988 F.2d 1425 (5th Cir. 1993)                            25

*Alps S., LLC v. Ohio Willow Wood Co.*,
    787 F.3d 1379 (Fed. Cir. 2015)                           9

*Arachnid, Inc. v. Merit Indus.*,
    939 F.2d 1574 (Fed. Cir. 1991                            9, 11, 19

*Austin Theatre, Inc. v. Warner Bros Pictures, Inc.*,
    22 F.R.D. 302 (S.D. N.Y. 1958)                           25

*Barlow & Haun, Inc. v. United States*,
    805 F.3d 1049 (Fed. Cir. 2015)                           10

*Bd. Of Trustees of Leland Stanford Junior Univ. v. Roche Molecular Sys., Inc.*,
    583 F.3d 832 (Fed. Cir. 2009), *aff'd*, 563 U.S. 776 (2011)   11, 12

*Benedict v. Super Bakery, Inc.*,
    665 F.3d 1263 (Fed. Cir. 2011)                           25

*Bowmer v. Bowmer*,
    50 N.Y.2d 288 (N.Y. 1980)                                11

*Brown v. Oil States Skagit Smatco*,
    664 F.3d 71 (5th Cir. 2011)                              25

*Campbell v. Thomas*,
    897 N.Y.S.2d 460 (N.Y. 2010)                             18

*Cedars-Sinani Medical Center v. Watkins*,
    11 F.3d 1573, 1583-84 (Fed. Cir. 1993                    8

*ClearValue v. Pearl River Polymers, Inc.*,

**PUBLIC VERSION**

242 F.R.D. 362 (E.D. Tex. 2007)                                                                 25

*DDB Techs., L.L.C. v. MLB Advanced Media, L.P.*,
    517 F.3d 1284 (Fed. Cir. 2008)                                                      11, 21

*Enzo APA & Son, Inc. v. Geapag A.G.*,
    134 F.3d 1090 (Fed. Cir. 1998)                                                       9

*Epistar Corp. v. Int'l Trade Comm'n*,
    566 F.3d 1321 (Fed. Cir. 2009)                                                      14

*F.D.I.C. v. McFarland*,
    243 F.3d 876 (5th Cir. 2001)                                                        14

*Faison v. Lewis*,
    25 N.Y.3d 220 (N.Y. 2015)                                                           15

*Gellman v. Telular Corp.*,
    2010 WL 5173213 (E.D. Tex. Dec. 14, 2010)                                       11, 12

*Green Tech. Lighting Corp. v. Liberty Surplus Ins. Corp.*,
    No. 1:18-CV-01799 (PAC), 2020 WL 2036705 (S.D.N.Y. Apr. 28, 2020)               12

*Hudson v. S.D. Warren Co.*,
    665 F. Supp. 937, 942 (D. Me. 1987)                                                 25

*LNV Corp. v. Sorrento*,
    31 N.Y.S.3d 922, 2016 N.Y. Slip Op. 50250(U), (Sup. Ct. N.Y. Feb. 29, 2016)     15

*Lone Star Silicon Innovations LLC v. Nanya Tech. Corp.*,
    925 F.3d 1225 (Fed. Cir. 2019)                                                     8, 9

*Minco, Inc. v. Combustion Eng'g, Inc.*,
    95 F.3d 1109 (Fed. Cir. 1996)                                                       19

*MLC Intellectual Property, LLC v. Micron Technology, Inc.*,
    10 F.4th 1358 (Fed. Cir. 2021)                                                      25

*Monsanto Co. v. Ralph*,
    382 F.3d 1374 (Fed. Cir. 2004)                                                      25

*Moore v. Marsh*,
    74 U.S. 515 (1868)                                                                  9

*Morrow v. Microsoft Corp.*,
    499 F.3d 1332 (Fed. Cir. 2007                                                    9,13,15

**PUBLIC VERSION**

*Muzak Corp. v. Hotel Taft Corp.*,
    1 N.Y.2d 42 (N.Y. 1956)                                                     11

*Nat. Hockey League v. Metropolitan Hockey Club, Inc.*,
    427 U.S. 639 (1976)  25

*Nat'l Org. for Women, Inc. v. Scheidler*,
    510 U.S. 249 (1994)  10

*Neutron Depot, LLC v. All Web Leads, Inc.*,
    No. AU-16-CA-00901-SS, 2017 WL 9538893 (W.D. Tex. Nov. 30, 2017)  9

*Nike Inc. v. Wolverine World Wide, Inc.*,
    43 F.3d 644, 648 (Fed. Cir. 1994)  24

*Paz v. Brush Engineered Materials, Inc.*,
    555 F.3d 383 (5th Cir. 2009)  25

*S.O.T.A.T., Inc. v. Frank's Int'l, Inc.*,
    No. CIV.A. 2:06 CV 523, 2008 WL 4093599 (E.D. Tex. Aug. 28, 2008)  19

*Script Sec. Sol., LLC v. Amazon.com, Inc.*,
    No. 2:15-CV-1030-WCB, 2016 WL 6433776 (E.D. Tex. Oct. 31, 2016)  8

*Sicom Sys., Ltd. v. Agilent Techs., Inc.*,
    427 F.3d 971 (Fed. Cir. 2005)  3,7

*Snider v. L-3 Communications Vertex Aerospace, L.L.C.*,
    946 F.3d 660 (5th Cir. 2019)  25

*Speedplay, Inc. v. Bebop, Inc.*,
    211 F.3d 1245 (Fed. Cir. 2000)  10

*Sphere Drake Ins. Ltd. v. Clarendon Nat'l Ins. Co.*,
    263 F.3d 26 (2d Cir. 2001)  18

*Spota v. Jackson*,
    10 N.Y.3d 46 (N.Y. 2008)  18

*Uniloc 2017 LLC v. Google LLC*,
    No. 4:20-cv-05339-YGR (N.D. Cal. Dec. 22, 2020)  10

*Uniloc USA, Inc. v. Apple, Inc.*,
    2020 WL 7122617 (N.D. Cal. Dec. 4, 2020)  10

**PUBLIC VERSION**

████████████

*United Construction Products, Inc. v. Tile Tech, Inc.*,
        843 F.3d 1363 (Fed. Cir. 2016)                                                25

*U.S. v. Real Property Known As 200 Acres of Land Near FM 2686 Rio Grande City, Tex.*,
        773 F.3d 654 (5th Cir. 2014), cert. denied. 135 S. Ct. 2847 (2015)            25

*Wacoh Co. v. Chrysler LLC*,
        No. 08-cv-456-slc, 2009 WL 36666 (W.D. Wis. Dec. 1, 2008)                      8

*Wexell v. Komar Industries, Inc.*,
        18 F.3d 916 (Fed. Cir. 1994)                                                  25

*WiAV Sols. LLC v. Motorola, Inc.*,
        631 F.3d 1257 (Fed. Cir. 2010)                                                 9

**Cited Statutes**                                                                 **Pages**

35 U.S.C. § 281                                                                        8

10 Del. C. § 3902                                                                     14

Fed. R. Civ. Pro. 37(b)                                                            20, 25

**Other Authorities**                                                              **Pages**

MATTHEWS, § 9:32. Procedural aspects on challenging and proving standing,
        1 Annotated Patent Digest § 9:32                                             21

BLACK'S LAW DICTIONARY (11th ed. 2019)                                               15

Manual of Pat. Examining Proc., § 301, Part V(A) (June 2020)                          13

Restatement (Second) of Contracts § 203(c)                                           12

Restatement (Second) of Contracts § 328 (1981)                                       14

5B WRIGHT & MILLER, FEDERAL PRACTICE & PROCEDURE,
        § 1350 (3d ed. 2004)                                                          8

5B WRIGHT & MILLER, FEDERAL PRACTICE & PROCEDURE,
        § 2289 Failure to Comply With Order Compelling Discovery,
        8B Fed. Prac. & Proc. Civ. § 2289 (3d ed.)                                    25

**PUBLIC VERSION**

███████████████

## TABLE OF ABBREVIATIONS

| Abbreviation | Term |
|---|---|
| '960 patent | U.S. Patent No. 8,179,960 |
| '905 patent | U.S. Patent No. 8,730,905 |
| '060 patent | U.S. Patent No. 9,294,060 |
| '036 patent | U.S. Patent No. 9,185,036 |
| '534 patent | U.S. Patent No. 7,742,534 |
| '839 patent | U.S. Patent No. 8,451,839 |
| '929 patent | U.S. Patent No. 7,489,929 |
| '240 patent | U.S. Patent No. 7,487,240 |
| '071 patent | U.S. Patent No. 8,147,071 |
| '232 patent | U.S. Patent No. 9,258,232 |
| '505 patent | U.S. Patent No. 7,203,505 |
| ████ | ███████████████ |
| █████ | ██████████████████ |
| Nokia Entities | Alcatel Lucent, Nokia Solutions and Networks BV, and Nokia Oy, collectively |
| ████████ | ██████████████████ |
| ████████████ | ████████████████ |
| NPE | Non-Practicing Entity |
| ███ | ██████████████ |
| Terrier Patents | The '960, '905, '060, '036, and '534 patents collectively |
| █████ | ████████████████ |
| ██████ | ██████████████████tively |
| Uniloc | Uniloc 2017 LLC |
| USPTO | United States Patent and Trademark Office |
| Wade | Wade & Company |
| ████████████████ | ████████████████ |
| WSOU | WSOU Investments, LLC |

**PUBLIC VERSION**

███████████████████████

**TABLE OF EXHIBITS**

| Exhibit | Document |
|---------|----------|
| Ex. 1 | Excerpts of Deposition of Stuart Shanus, dated June 30, 2022 |
| Ex. 2 | USPTO Patent Assignment History of the '960 Patent |
| Ex. 3 | USPTO Patent Assignment History of the '905 Patent |
| Ex. 4 | USPTO Patent Assignment History of the '060 Patent |
| Ex. 5 | USPTO Patent Assignment History of the '036 Patent |
| Ex. 6 | USPTO Patent Assignment History of the '534 Patent |
| Ex. 7 | USPTO Patent Assignment History of the '839 Patent |
| Ex. 8 | USPTO Patent Assignment History of the '929 Patent |
| Ex. 9 | USPTO Patent Assignment History of the '240 Patent |
| Ex. 10 | USPTO Patent Assignment History of the '071 Patent |
| Ex. 11 | USPTO Patent Assignment History of the '232 Patent |
| Ex. 12 | USPTO Patent Assignment History of the '505 Patent |
| Ex. 13 | Assignment (USPTO Reel/Frame 04400/0053) obtained from USPTO https://assignmentuspto.gov/ ("Amended Schedule B1") |
| Ex. 14 | Assignment (USPTO Reel/Frame 043953/0822) obtained from USPTO https://assignmentuspto.gov/ ("Amended Schedule B3") |
| ███ | ████████████████████████████████████ |
| ███ | ████████████████████████████████████ |
| ███ | ██████████████████████████████ |
| Ex. 18 | Assignment (USPTO Reel/Frame 045085/0001) obtained from USPTO https://assignmentuspto.gov/ ("Schedule G1") |
| Ex. 19 | Assignment (USPTO Reel/Frame 045089/0972) obtained from USPTO https://assignmentuspto.gov/ ("Schedule G2") |
| Ex. 20 | Assignment (USPTO Reel/Frame 045084/0282) obtained from USPTO https://assignmentuspto.gov/ ("Schedule G5") |
| ███ | ████████████████████████████████████ |
| Ex. 22 | Black's Law Dictionary (11th ed. 2019) (defining "void") |
| ███ | ████████████████████████████████ |
| Ex. 24 | Docket Navigator Report on WSOU |
| Ex. 25 | FTC Study: Patent Assertion Entity Activity |
| ███ | ████████████████████████████████████ |
| Ex. 27 | Defendant's First Set Requests for Production (Nos. 1-70) |

**PUBLIC VERSION**

███████████████

| Ex. 28 | Email Exchange between Defendant and WSOU Regarding Withheld WOSU Production |
|---|---|
| Ex. 29 | WSOU's Responses and Objections to Defendant's Second Set of Interrogatories (Nos. 10-24) |

**PUBLIC VERSION**

████████████████

As summarized in the omnibus chart below, Defendant moves under FRCP 12(b)(1) to dismiss WSOU's claims of infringement relating to the Terrier Patents because WSOU does not own the Terrier Patents and lacks standing to bring claims asserting them; and Defendant moves under FRCP 12(b)(1) to dismiss WSOU's claims for damages for infringement of the Skylight Patents ██████████████████████████████████████████████████████████████

████████████████████████████████████

| Summary of Omnibus Arguments for Cases | | |
|---|---|---|
| Patent (Case No.) | WSOU Lacks Ownership | WSOU Lacks Right to Past Damages | WSOU's Conduct Warrants Rule 37 Relief |
| Terrier Patents | | |
| The '960 patent (0490) | Yes | Yes | Yes |
| The '905 patent (0491) | Yes | Yes | Yes |
| The '060 patent (0493) | Yes | Yes | Yes |
| The '036 patent (0494) | Yes | Yes | Yes |
| The '534 patent (0496) | Yes | Yes | Yes |
| Skylight Patents | | |
| The '839 patent (0487) | | Yes | Yes |
| The '929 patent (0488) | | Yes | Yes |
| The '240 patent (0489) | | Yes | Yes |
| The '071 patent (0492) | | Yes | Yes |
| The '232 patent (0495) | | Yes | Yes |
| The '505 patent (0497) | | Yes | Yes |

**I.    Introduction: Out of the Ashes of NPE Uniloc, Newly Formed NPE WSOU Likewise Lacks Standing to Bring These Actions**

WSOU is an NPE founded by Craig Etchegoyen. Its primary business is threatening and filing lawsuits based on patents that it purportedly acquired from Nokia Entities. WSOU, however, never actually acquired the full exclusionary rights of the patents asserted here. This is not the first time Mr. Etchegoyen failed to acquire sufficient rights to patents before asserting them. In just the last two years (overlapping with the suit filings here), Uniloc—another NPE founded by Mr. Etchegoyen—has had lawsuits against Apple and Google dismissed because it did not have exclusionary rights in the asserted patents. Given the tarnished Uniloc name and failed patent ownership history, this NPE rebranded as WSOU by ████████████████████████████████████████

1

**PUBLIC VERSION**

███████████████

█████████████████████████████████████████████████████████

Yet, NPE Uniloc and its patent purchasing tactics are deeply rooted in WSOU—█████████

███████████████████████████████████████████████████ And despite

these NPE roots, WSOU has never produced any evidence substantiating its claims of standing,

nor has WSOU recorded any such evidence with the USPTO or produced any evidence indicating

it is *not* an NPE—███████████████████████████████████████

        ████████████████████████████████████████████████

█████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████

████████████████████████████████████

        Nevertheless, the Terrier Patents were never assigned to WSOU in the first place. ██

█████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████

██████████████████████████████████████████

        As for the remaining Skylight Patents, ████████████████████████████████

█████████████████████████████████████████████████████████

**PUBLIC VERSION**

███████████

███████████████████████████████████

████████████████████████████████

Each of these defects is jurisdictional and cannot retroactively be cured because "[s]tanding must be present at the time the suit is brought." *Sicom Sys., Ltd. v. Agilent Techs., Inc.*, 427 F.3d 971, 975-76 (Fed. Cir. 2005). As a result, WSOU's claims of infringement as to the Terrier Patents must be dismissed, and WSOU's claims of infringement of the Skylight Patents ██████████ ████████████████████.

The Court should further award Defendant remedies under Rule 37(b), including granting additional discovery,[1] due to WSOU's failure to obey discovery orders and WSOU's deficient production of its corporate structure and its financial documents pertaining to its business model as an NPE.

## II.     Factual Background: The Factual Record Fails to Support Standing

The assignment documents submitted to the U.S. Patent and Trademark Office ("USPTO") show that WSOU's claim of ownership of the Asserted Patents is based on transfers through a series of entities. Documents produced by WSOU in discovery, however, fail to support standing and instead provide limited detail and context for these transfers. Each transfer is discussed below.

### A.     The Patent Recorded Assignment Histories

The tables below document the initial assignment histories for the Terrier and Skylight Patents. Each of these patents were initially assigned from the inventors to a Nokia Entity and then recorded with the USPTO (and in some instances further assigned to a different Nokia Entity).

---

[1] The issues raised in this motion are not the only potential defects in WSOU's standing. ██████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████ But, as to the issues addressed in this motion, they are ripe for decision.

**PUBLIC VERSION**

████████████

| The "Terrier" Patent Portfolio – Initial Assignments | | | |
|---|---|---|---|
| **Patent (Case No.)** | **Assignment** | **Assignee \| Assignors** | **Recorded** |
| The '960 patent (0490) | January 26, 2009 | Alcatel-Lucent USA Inc. \| James William McGowan; Michael Chartles Recchione | January 27, 2009 (USPTO Reel 022178, Frame 0836) |
| The '905 patent (0491) | November 15, 2010 | Nokia Corporation \| Jarkko Kneckt, Mika Kasslin, Janne Marin | November 26, 2010 (USPTO Reel 025314, Frame 0289) |
| The '060 patent (0493) | January 22, 2013 | Nokia Corporation \| Ville Mikael Myllyla, Laura Laaksonen, Hannu Pulakka, Paavo Illmari Alku | February 7, 2013 (USPTO Reel 029771, Frame 0660) |
| The '036 patent (0494) | March 23, 2005 | Lucent Technologies Inc. \| Richa Malhotra | March 23, 2005 (USPTO Reel 016416, Frame 0315) |
| The '534 patent (0496) | March 1, 2006 | Alcatel \| Stephen Kaminski, Ralph Ballentin | July 11, 2006 (USPTO Reel 018100, Frame 0016) |
| The "Skylight" Patent Portfolio Initial Assignments | | | |
| **Patent (Case No.)** | **Assignment** | **Assignee \| Assignors** | **Recorded** |
| The '839 patent (0487) | February 28, 2009 | Alcatel Lucent \| Qin Yin, Yingzhong Miu, Jianhua Zhu, Yifeng Yao | May 29, 2009 (USPTO Reel 022776, Frame 0871) |
| The '929 patent (0488) | April 6, 2005 | Lucent Technologies, Inc. \| Suman Das, Ali Masoomzadch-Fard, Martin H. Meyers, Harish Viswanathan | April 19, 2005 (USPTO Reel 016099, Frame 0331) |
| The '240 patent (0489) | April 7, 2004 | Alcatel \| Denis Armand Proulx, Craig Ellirt Timmerman, Felix Katz, Margaret Rachinowski, Afshan Zabihi, Macmohana Sing Virdy | April 12, 2004 (USPTO Reel 015198, Frame 0812) |
| The '071 patent (0492) | June 17, 2009 | Nokia Corporation \| Petri Ahonen | July 29, 2009 (USPTO Reel 023021, Frame 0950) |
| The '232 patent (0495) | October 18, 2007 | Alcatel-Lucent \| John Madsen, Joey Chow, Dion Pike | January 27, 2012 (USPTO Reel 027610, Frame 0953) |

**PUBLIC VERSION**

███████████████████

| The '505 patent (0497) | August 6, 2001 | Nokia Corporation \| Tapani Larikka, Jari Joupperi | August 7, 2001 (Reel 012130, Frame 0651) |
|---|---|---|---|

### 1.   The Terrier Patents

For each Terrier Patent, WSOU recorded at the USPTO on September 25, 2017: (1) a patent assignment from Nokia Entities[2] to Wade, ███████████████████████████

████████████████████████████████████

████████████████████████████████████

███████████████████████████████████████ (3).

Exs. 2-6; 13 (USPTO Reel 044000, Frame 0136); and 14 (USPTO Reel 043953, Frame 0842). The Nokia/Wade Assignment clause consists entirely of the following language below and contains no reference to retrospective assignment of the right to sue. *Id*. at Frames 0137/0843.

> **PATENT ASSIGNMENT**
>
> Assignor hereby assigns, transfers, and conveys unto Assignee, all of Assignor's right, title, and interest in and to each of the Assigned Patents.
>
> The assignment, transfer, and conveyance to Assignee set forth above will become effective on the Assignment Date and is made subject to certain encumbrances and retained rights for the Assigned Patents in favor of Assignor and/or its assignees and licensees.

██████████████████████████████████

████████████████████████████████████

████████████████████████████████████

██████████████████████████ *see also* Exs. 13-14 (USPTO Reel 044000, Frame 0140; and Reel 043953, Frame 0846). ████████████████

---

[2] Alcatel Lucent, Nokia Solutions and Networks BV ("NSN"), and Nokia Technologies ("Nokia Tech") (collectively, "Nokia Entities").

PUBLIC VERSION

████████████

████████████████████████████

████████████████████████████

████████████████████████████

████████████████████████████

████████████████████████████

██████████████████████

### 2. The Skylight Patents

On January 18, 2018, for each Skylight Patent, WSOU recorded with the USPTO patent

assignments from the Nokia Entities to WSOU, ████████████████████████

████████████████████████████ (USPTO Reel

045085, Frame 0008; USPTO Reel 045089, Frame 0977; and USPTO Reel 045084, Frame 0286.

## B. The Patent Purchase Agreements for the Patents

████████████████████████████

████████████████████

████████████████████████

████████████████████████

████████████████████████

████████████████████████

████████████████████████

████████████

████████████████████████

PUBLIC VERSION

████████

████████████████████████████████████

████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████

████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████.

████████████████████████████████████

████████████████████████████████████████

████████████████

## III.    Statement of Venue Law: WSOU Bears the Burden to Prove Standing

"Standing to sue is a threshold requirement in every federal action." *Sicom Sys.*, 427 F.3d at 975 (Fed. Cir. 2005). WSOU bears "the burden to show necessary ownership rights to support standing to sue." *Abbott Point of Care Inc. v. Epocal, Inc.*, 666 F.3d 1299, 1302 (Fed. Cir. 2012);

**PUBLIC VERSION**

██████████████

*see also TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2207-10 (U.S. 2021). To meet its burden, WSOU "must demonstrate that it held enforceable title to the patent at the inception of the lawsuit" or else its infringement claims as to the Asserted Patents must be dismissed for lack of jurisdiction. *Abraxis Bioscience, Inc. v. Navinta LLC*, 625 F.3d 1359, 1364 (Fed. Cir. 2010). These standards apply to "each claim [a plaintiff] seeks to press," including for past infringement. *Wacoh Co. v. Chrysler LLC*, No. 08-cv-456-slc, 2009 WL 36666, at *9 (W.D. Wis. Dec. 1, 2008).

The standing challenge here is "factual" rather than "facial," thus the Court "does not assume the correctness of the factual allegations in the complaint. Rather, in the case of a factual challenge to jurisdiction, the question is whether the facts actually establish that the court has jurisdiction over the matter. In that setting, the burden is on the plaintiff to show jurisdiction, and the parties may offer factual evidence bearing on that question." *Script Sec. Sol., LLC v. Amazon.com, Inc.*, No. 2:15-cv-1030-WCB, 2016 WL 6433776, at *2 (E.D. Tex. Oct. 31, 2016) (citing 5B WRIGHT & MILLER, FEDERAL PRACTICE & PROCEDURE § 1350, at 154-80 (3d ed. 2004)); *see also Cedars-Sinani Medical Center v. Watkins*, 11 F.3d 1573, 1583-84 (Fed. Cir. 1993) (placing the burden on plaintiff to produce evidence "sufficient to support its contention regarding the Court's jurisdiction"). In a factual challenge, courts consider documentary evidence produced in the litigation, such as the agreements referenced therein. *Script Sec.*, 2016 WL 6433776, at *2.

The plaintiff must also satisfy the requirements of both Article III of the U.S. Constitution (constitutional standing) and 35 U.S.C. § 281 (statutory standing). *See*, *e.g.*, *Lone Star Silicon Innovations LLC v. Nanya Tech. Corp.*, 925 F.3d 1225, 1234–36 (Fed. Cir. 2019). Constitutional standing determines whether a plaintiff "may invoke the judicial power" at all, while statutory standing "establish[es] when a party may obtain relief under the patent laws." *Id.* at 1235. To meet the "injury in fact" requirement for constitutional standing, the plaintiff must possess exclusionary

PUBLIC VERSION

████████████████

rights in the patent. *Id.* at 1234 (citing *WiAV Sols. LLC v. Motorola, Inc.*, 631 F.3d 1257, 1264 (Fed. Cir. 2010)). "Exclusionary rights" are "the ability to exclude others from practicing an invention or 'to forgive activities that would normally be prohibited under the patent statutes.'" *Id.* (quoting *Morrow v. Microsoft Corp.*, 499 F.3d 1332, 1342 (Fed. Cir. 2007)). A plaintiff lacking exclusionary rights cannot have constitutional standing because no injury in fact can occur. *Morrow*, 499 F.3d at 1340–41.

Further, "the general rule is that one seeking to recover money damages for infringement of a United States patent (an action 'at law') must have held the legal title to the patent during the time of the infringement." *Arachnid, Inc. v. Merit Indus.*, 939 F.2d 1574, 1579 (Fed. Cir. 1991). The mere reference in an assignment to all right, title, and interest in the patent does not transfer the right to sue for past infringement. *Moore v. Marsh*, 74 U.S. 515, 522 (1868). "A party may sue for past infringement transpiring before it acquired legal title to a patent if a written assignment *expressly grants* the party a right to do so." *Abraxis*, 625 F.3d at 1367 (emphasis added). Standing to sue for past infringement cannot be cured. *See Enzo APA & Son, Inc. v. Geapag A.G.*, 134 F.3d 1090, 93 (Fed. Cir. 1998) ("nunc pro tunc assignments are not sufficient to confer retroactive standing"); *Alps S., LLC v. Ohio Willow Wood Co.*, 787 F.3d 1379, 1384 (Fed. Cir. 2015) (holding nunc pro tunc agreement cannot cure a defect in standing that existed when suit was initiated); *Nuetron Depot, LLC v. All Web Leads, Inc.*, 2017 WL 9538893, at *2, n. 3 (W.D. Tex. Nov. 30, 2017) (rejecting argument that after suit was filed Plaintiff gained the retroactive right to sue).

The right to sue for damages predating patent assignment is an exclusionary right because it provides the plaintiff with the right to exclude others from practicing the invention during that period (which is the legally protected interest that is harmed by an alleged infringement). *Lone Star*, 925 F.3d at 1234; *WiAV Sol.*, 631 F.3d at 1264–65. Whether the plaintiff holds the right to

**PUBLIC VERSION**

███████████████████

sue for alleged infringement during that pre-assignment period is therefore a constitutional standing issue. *Lone Star*, 925 F.3d at 1234–35. A challenge to a plaintiff's constitutional standing is properly raised under FRCP 12(b)(1). *Uniloc 2017 LLC v. Google LLC*, No. 4:20-cv-05339-YGR, at *1, *6 (N.D. Cal. Dec. 22, 2020); *see also Uniloc USA, Inc. v. Apple, Inc.*, 2020 WL 7122617 (N.D. Cal. Dec. 4, 2020) (dismissing case for lack of standing). The plaintiff's lack of constitutional standing can be raised at any time by a defendant, or *sua sponte* by the Court. *Nat'l Org. for Women, Inc. v. Scheidler*, 510 U.S. 249, 255 (1994); *Barlow & Haun, Inc. v. United States*, 805 F.3d 1049, 1060 n.5 (Fed. Cir. 2015).

**IV.    Argument:** ███████████████████████████████████
████████████████████████████████

WSOU cannot and does not own ***any*** rights in the Terrier Patents because ████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
██████████████████████████████████

**A.**    ██████████████████████████████
████████████████████████████

████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
██████████████████████████████

**PUBLIC VERSION**

███████████████████

When a contract's language is prospective and states that rights "*shall be* the property of the client" and/or that "all rights thereto *will be* assigned," the contract is not a present assignment but an agreement or promise to assign in the future. *Speedplay, Inc. v. Bebop, Inc.*, 211 F.3d 1245, 1253 (Fed. Cir. 2000) (emphases added) (citing *Arachnid*, 939 F.2d at 1574, 1576–81). Such a contract does not operate as an immediate assignment of legal title. *Bd. of Trustees of Leland Stanford Junior Univ. v. Roche Molecular Sys., Inc.*, 583 F.3d 832, 841–42 (Fed. Cir. 2009), *aff'd*, 563 U.S. 776 (2011). "To determine whether a contractual provision is a present assignment of future rights or a promise to assign rights in the future, the language of the contract is dispositive." *Gellman v. Telular Corp.*, 2010 WL 5173213, at *4 (E.D. Tex. Dec. 14, 2010); *see also DDB Techs., L.L.C. v. MLB Advanced Media, L.P.*, 517 F.3d 1284, 1290 (Fed. Cir. 2008) ("[W]e have held that whether an assignment of patent rights in an agreement such as the one in this case is automatic, requiring no further act on the part of the assignee, or merely a promise to assign depends on the contractual language.").

███████████████████████████████████

█████████████████████████████████████

█████████████████████████████████████

█████████████████████████████████████

█████████████████████████████████████

█████████████████████████████████████

█████████████████████████████████████

█████████████████████████████████████

█████████████████████████████████████

████████████████████████████ In contract law, a more

**PUBLIC VERSION**



specific provision controls over a more general one.[3]

*Stanford*, 583 F.3d 832, 841-42 (Fed. Cir. 2009), *aff'd*, 563 U.S. 776 (2011); *see Gellman*, 2010 WL 5173213, at *3, *aff'd*, 449 F. App'x 941 (Fed. Cir. 2011) ("Because Plaintiff has not produced a written assignment of the patent in suit and her alternative theories create an obligation to assign the patent rather than an actual assignment, Plaintiff has failed to demonstrate complete legal title to the patent-in-suit.").[4]

WSOU is wrong. Isolating words "flies in the face of the basic principle of New York contract interpretation that the Court must read the [contract] as a whole, and not myopically scrutinize individual words and provisions in isolation." *Green Tech. Lighting Corp. v. Liberty Surplus Ins. Corp.*, No. 1:18-CV-01799 (PAC), 2020 WL 2036705, at *5 (S.D.N.Y. Apr. 28, 2020).

---

[3] *E.g.*, *Bowmer v. Bowmer*, 50 N.Y.2d 288, 294 (N.Y. 1980) ("the specific provisions [of a contract] tend to restrict the general"); *Muzak Corp. v. Hotel Taft Corp.*, 1 N.Y.2d 42, 46-47 (N.Y. 1956) ("Even if there was an inconsistency between a specific provision and a general provision of a contract . . ., the specific provision controls"); *see also* Restatement (Second) of Contracts § 203(c) ("specific terms and exact terms are given greater weight than general language").

[4] State law generally governs who owns patent rights and on what terms. *Stanford*, 583 F.3d at 841. However, whether contractual language effects a present assignment of patent rights, or an agreement to assign rights in the future, is a question of Federal Circuit law. *Id*.

**PUBLIC VERSION**

███████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

███████████████████████████████████

████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████. 

Finally, USPTO records confirm that Amended Schedules B1/B3 are the operative assignment agreement for the Terrier Patents (from the Nokia Entities to Wade). Only Amended Schedules B1/B3 are on file with the USPTO for the Terrier Patents; ██████████ Exs.13-14 (USPTO Reel 044000, Frame 0136; and USPTO Reel 043953, Frame 0842). ███████

████████████████████████████████████████████

████████████████████████████ To do so would impair the public notice function of the USPTO assignment registration database, cause confusion over ownership of rights, and be prejudicial to any subsequent defendant who might be subjected to a claim for past damages from either or both transacting parties. *See* Manual of Pat. Examining Proc., § 301, Part V(A) (June 2020); *Morrow*, 499 F.3d at 1348 ("[T]he perils associated with a relaxed standing requirement [include] that multiple plaintiffs may subject a defendant to suit for the same conduct . . . ").

PUBLIC VERSION

███████████████

**B.**    █████████████████████████████

███████████████████████████████████

██████████████████████████████████████

██████████████████████████████████████

██████████████████████████████████████

██████████████████████████████████████

██████████████████████████████████████

It is black-letter law that ███████████████████████████████

███████████████████████████████████████████

█████████████████[5] ███████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

██████████████████████████ For example, in WSOU's home state, "[a]

person whom a contract, express or implied, has been transferred or assigned, either in accordance

---

[5] Restatement (Second) of Contracts § 328 (1981) ("[A]ssignment in similar general terms is an assignment of the assignor's rights and a delegation of his *unperformed duties* under the contract."); *Epistar Corp. v. Int'l Trade Comm'n*, 566 F.3d 1321, 1333 (Fed. Cir. 2009) ("Black letter contract law states that the assignment of a contract to an assignee . . . only changes the obligated party, not the scope of the obligation."); *see also F.D.I.C. v. McFarland*, 243 F.3d 876, 887 (5th Cir. 2001) ("[A]n assignee takes all of the rights of the assignor, no greater and no less.").

**PUBLIC VERSION**

███████████████████

with a statute or with the common law, may sue thereon in his or her own name." 10 Del. C. §

3902. ████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

████████████████████ WSOU therefore lacks Article III standing to assert the Terrier Patents

against ZTE. *See Morrow*, 499 F.3d at 1339 ("Constitutional injury in fact occurs when a party

performs at least one prohibited action with respect to the patented invention that violates these

exclusionary rights.") (citations omitted).

█████████████████████████████████████████████████████

████████████████████████████████████████████ WSOU is not injured

by an infringement and therefore lacks Article III standing.

    **C.**    ████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████ The phrase "void *ab initio*" means: "Null from the

beginning, as from the first moment when a contract is entered into." Black's Law Dictionary (11th

ed. 2019) (example provided under definition of "VOID") (attached as Ex. 22). █████████

████████████████████████████████████████████████████

████████████████████████████████████ *Faison v. Lewis*, 25

N.Y.3d 220, 222, 224, 230 (N.Y. 2015) (holding that something void *ab initio* "is never entitled to

legal effect" because "[v]oid things are as no things") (internal citations omitted); *LNV Corp. v.

Sorrento*, 31 N.Y.S.3d 922, 2016 N.Y. Slip Op. 50250(U), at *3 (Sup. Ct. N.Y. Feb. 29, 2016)

(citing *Faison* for its explanation of the term "void ab initio"). Thus, when an action is "void *ab

initio*," that action has no legal effect, and it is as if the action never existed.

**PUBLIC VERSION**

███████████████████

As discussed above, WSOU is an NPE[6] ████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████ As an NPE,

WSOU asserts here five of Terrier Patents and six of the Skylight Patents against ZTE. *See* § II.A,

*supra*. WSOU is further asserting these patent portfolios in nearly 200 cases against more than 20

different defendants. Ex. 24. WSOU is currently an NPE and was always an NPE. WSOU has not

brought forward any evidence to the contrary, and there is no reason to believe it could do so.

Since its inception, WSOU has been an NPE. ████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

██████████████████████████████████████████████

---

[6] The Federal Trade Commission has referred to NPEs as "Patent Assertion Entities," ("PAEs")
and defined PAEs as businesses that acquire patents from third parties and seek to generate revenue
by asserting them against alleged infringers. Ex. 25 (FTC Study), at 1.

PUBLIC VERSION

██████████████████

WSOU has not met and cannot meet its burden to demonstrate standing at the date of filing

suit with mere self-supporting conclusory statements. *See* Section VI; *see also Abraxis Bioscience*,

625 F.3d at 1364 (standing is plaintiff's burden). ████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

██████████████████████████████

To the extent WSOU may argue that ████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

**PUBLIC VERSION**

█████████████████████████████████████████████████████████████

████████████████████████

To the extent WSOU argues that ZTE cannot challenge the void transfer █████████████

███████████████████ WSOU's argument would be an ironic red herring and ultimately wrong.

█████████████████████████████████████████████████████████████

█████████████████████████████████████. *See Spota v. Jackson*, 10 N.Y.3d 46, 52 (N.Y.

2008) ("This conclusion is supported by the clause, present in each version, that '[a]ny lease,

contract or agreement . . . *shall be void*,' as such language would be meaningless if the tribe could,

by its actions, "agree" to accept an outsider and change such person's status as an 'intruder.'")

(emphasis added); *Campbell v. Thomas*, 897 N.Y.S.2d 460, 466 (N.Y. 2010) (explaining that "the

parties to a void marriage (and everyone else) are free to treat the marriage as a nullity without the

involvement of a court"); *Sphere Drake Ins. Ltd. v. Clarendon Nat'l Ins. Co.*, 263 F.3d 26, 31 (2d

Cir. 2001) ("[I]f an agreement is void, it cannot be a contract."). Thus, ████████████████████

████████████████ but rather challenging standing (due to the absence of the contract).

In  conclusion, ██████████████████████████████████████████████

█████████████████████████████████████ WSOU lacks standing and its claim for

patent infringement as to the Terrier Patents should be dismissed in their entirety.

V.    **Argument:** ████████████████████████████████████████████

████████████████████████████████████████████████████

█████████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████████

██████████████████████████████████████████████

**PUBLIC VERSION**

████████████████████████

A.   ██████████████████████████████████████████████████

WSOU claims it "is the owner of all rights, title, and interest in and to" the asserted Terrier and Skylight Patents, including the right to assert all causes of action arising under them and ***the right to any remedies for the infringement*** of the patents. Dkt. 38, ¶25. ████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████ 19-20 (USPTO Reel 044000, Frame 0137; Reel 043953, Frame 0843; Reel: 045089, Frame 0977; Reel: 045084, Frame: 0286). ███████████

████████████████████████████████████████████████████████

██████. *Moore*, 74 U.S. at 522; *Arachnid*, 939 F.2d at 1579 & n.7; *see also Minco, Inc. v. Combustion Eng'g, Inc.*, 95 F.3d 1109, 1117 (Fed. Cir. 1996) ("As the Supreme Court stated, it is a 'great mistake' to 'suppose' that the assignment of the patent carries with it the right to sue for past infringement."); *S.O.T.A.T., Inc. v. Frank's Int'l, Inc.*, No. 2:06 CV 523, 2008 WL 4093599, at *3 (E.D. Tex. Aug. 28, 2008) ("It is settled law that a transfer of a right of action for past infringement must be express, and cannot be inferred from an assignment of the patent itself.") (internal citation omitted).

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

PUBLIC VERSION

███████

███████████████████████████████████████ Accordingly, the Court should

dismiss WSOU's claims for infringement before these respective dates.

**B.**  ████████████████████████████████
████████████

As explained above (*see supra* Section IV.A-B.), ███████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

Furthermore, only Schedule G1-G5 are on file with the USPTO for the Skylight Patents.

As explained above (*see supra* Section IV.A-B.), these USPTO records confirm ██████████

█████████████████████████████████

## VI.  Argument: WSOU's Withholding of Production Warrants Additional Remedies

The Court should award Defendant remedies under Rule 37(b) due to WSOU's failure to

obey discovery orders. As addressed above, the sought discovery directly pertains to the merits of

this motion (e.g., WSOU's financial business model as an NPE, and any encumbrances in the

patent ownership). And as shown below, for more than eight months (well after representing to

the Court that it produced such documents), WSOU failed to produce discoverable documents

concerning its corporate structure and financial business model as an NPE. Not only did WSOU fail to comply with discovery orders regarding this jurisdictional discovery,[7] but it further sought to overturn those orders by arguing that its production was complete (when it was not), and then sought fees after Defendant requested court involvement to address WSOU's withheld production. The scale of WSOU's improper conduct warrants awarding Defendant remedies under Rule 37(b).

Over eight months ago, on December 6, 2021, the Court ordered WSOU to "produce documents responsive to ZTE's RFPs, and the requested documents from sister WDTX cases." Defendant's RFP No. 3 requested documents pertaining to WSOU's corporate structure. Ex. 27, p. 8. Then on March 3, 2022, WSOU represented that it produced "*the* operating agreement":

```
19        With respect to the sister cases that Mr. Schulz had just
20   referred to, as we told ZTE as well, all of the documents that
21   we produced are the same across the sister cases.  Those are
22   going to reflect the patent purchase agreement, for example,
23   and all amendments and schedules and exhibits thereto, the
24   license agreements, the settlement agreements.  Everything is
25   out there.  It's the same across all the cases.  They already
1    have all that.
2        With particularity to the corporate structure, we've
3    already given them documents, as we've said, and also in our
4    dispute chart.  The operating agreement is what we have that
5    sets forth the initial corporate structure.
```

---

[7] When issues of subject matter jurisdiction are intertwined with the merits of the case, the Federal Circuit, following regional Fifth Circuit law, found that jurisdictional discovery should normally be permitted and it is an "abuse of discretion" to deny such discovery. § 9:32. Procedural aspects on challenging and proving standing, 1 Annotated Patent Digest § 9:32 (citing *DDB Technologies, LLC v. MLB Advanced Media, L.P.*, 517 F.3d 1284, 1293-94 (Fed. Cir. 2008); *compare with* Dkt. 185 (discovery order denying request of document production of "Plaintiff's corporate structure; Plaintiff's financials . . . Related discovery requests, including discovery objected to based on a sealed ruling") and Dkt. 203 (discovery order denying sought 30(b)(6) deposition testimony pertaining to "Transcripts, witness statements, and video records of testimony given in any proceeding by anyone Plaintiff expects to call as a witness in these actions")).

**PUBLIC VERSION**

███████████

March 3, 2022, Hearing Transcript, 11:19-12:5. WSOU explicitly confirmed production:

```
10        THE COURT:  So just to make sure I understand, your

11   position is that with respect at least to their request for

12   documents concerning corporate structure, you have produced all

13   the documents that you think are responsive on that -- in that

14   category?

15        MS. KIM:   Correct, Your Honor.
```

*Id.* at 12:10-15. ████████████████████

Based on WSOU's representations that its production was complete, the Court further "reconsidered its December 6th email order regarding the above," denied it, and denied the underlying discovery requests for documents such as WSOU's corporate structure and its financials. Dkt. 185, p. 1. Yet, on April 25, 2022, the Court agreed that 30(b)(6) depositions on the same corporate structure and financial topics were proper. Dkt. 203, pp. 2-3 (Topic Nos. 2-3).

███████████████████████

████████████████████████████

████████████████████████████

████████████████████████████

████████████████████████████

████████████████████████████

██████████████████████

███████████████████████

████████████████████████████

████████████████████████████

████████████████████████████

**PUBLIC VERSION**



Again and again, Defendant requested production of all the withheld documents pertaining to WSOU's corporate structure and its financials, and WSOU failed to timely supplement its production. Defendant requested production of the withheld documents during the deposition. Ex. 1, 131:25-132:4. During the June 21, 2022, discovery hearing, Defendant again requested the withheld documents—and even though WSOU previously represented that "all of the documents that we produced are the same across the sister cases," WSOU finally admitted that "Google got a few other sets of documents," including at least the above noted Loan Agreement. *Compare* March 3, 2022, Hearing Transcript, 11:20-21 with June 21, 2022, Sealed Hearing Transcript, 18:15-17. Yet ***despite WSOU's deficient production***, WSOU requested that the "Court entertain or consider awarding costs or fees to prevent ZTE From raising these disputes again in the future." June 21, 2022, Sealed Hearing Transcript, 25:12-13. WSOU continued to withhold documents and attempted to chill Defendant's advocacy seeking those unproduced documents in the process.

Finally, on July 14, 2022, when it served WSOU's purpose for its discovery responses,

; and Ex. 28 (WSOU's July 13-14, and July 22, 2022, email communications identifying withheld

**PUBLIC VERSION**

███████████████████

productions). WSOU failed to produce these documents for more than eight months—well after

WSOU represented on March 3rd that it completed its production—and WSOU finally produced *a*

*limited set* of corporate documents just weeks before close of fact discovery. *See* Ex. 29 (July 22,

2022, email summarizing supplemental production). But WSOU continues to withhold the

requested financial documents, █████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████ *see also* Exs. 28-29; March 21, 2022, Hearing

Transcript 6:2-3). On this topic, the Court specifically asked on March 3rd what relief Defendant

requested (March 3, 2022, Hearing Transcript, 12:23-13:5):

```
23        THE COURT:  Well, no.  Wait a second.  I don't know where
24   you get that from.  I just had -- I don't know Ms. Kim.  I
25   don't remember Ms. Kim appearing in front of me before, but
 1   maybe she has.  But she's an officer of the Court.  I'm a
 2   federal judge.  She's just represented on the record that with
 3   respect to corporate structure they've given you all responsive
 4   documents.
 5        What do you want me to do?
```

To specifically address the Court's inquiry from above regarding WSOU's withholdings

("What do you want me to do?"), under Rule 37(b)(2)(A) the Court may, among several options,

"prohibit[ ] the disobedient party from supporting or opposing designated claims or defenses,[8] or

---

[8] *Alexsam, Inc. v. IDT Corp.*, 715 F.3d 1336 (Fed. Cir. 2013) (false representations of the extent of its disclosures); *Nike Inc. v. Wolverine World Wide, Inc.*, 43 F.3d 644, 648 (Fed. Cir. 1994).

from introducing designated matters in evidence;"[9] "strik[e] pleadings in whole or in part;"[10] "stay[ ] further proceedings until the order is obeyed;"[11] "dismiss[ ] the action or proceeding in whole or in part;"[12] "render[ ] a default judgment against the disobedient party."[13] § 2289 Failure to Comply With Order Compelling Discovery, 8B Fed. Prac. & Proc. Civ. § 2289 (3d ed.). In addition to the immediate production of any withheld documents (i.e. Operating Agreements, Secured Note, Loan Agreement, Security Agreement, financial documents, etc.) and the production of all sworn testimony of WSOU's fact witnesses, Defendant further requests any remedy appropriate under Rule 37(b)(2)(A). WSOU owed Defendant a duty to properly investigate deficiencies in its production—especially before seeking fees from the Court. Defendant should at least be permitted additional discovery to investigate WSOU's deficient production and all appropriate remedies.

## VII.    Conclusion: The Court Should Dismiss with Prejudice Claims of Infringement

ZTE respectfully requests that the Court dismiss with prejudice WSOU's claims of infringement as to the Terrier Patents. ZTE also respectfully requests that Court dismiss with prejudice WSOU's claims for damages for infringement of the Skylight Patents occurring before December 22, 2017.

---

[9] *MLC Intellectual Property, LLC v. Micron Technology, Inc.*, 10 F.4th 1358 (Fed. Cir. 2021); *Paz v. Brush Engineered Materials, Inc.*, 555 F.3d 383 (5th Cir. 2009); *Alldread v. City of Grenada*, 988 F.2d 1425 (5th Cir. 1993) (failure to supplement interrogatory responses).

[10] *Hudson v. S.D. Warren Co.*, 665 F. Supp. 937, 942 (D. Me. 1987) (woefully inadequate interrogatory responses).

[11] *Austin Theatre, Inc. v. Warner Bros Pictures, Inc.*, 22 F.R.D. 302 (S.D. N.Y. 1958).

[12] *Nat. Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639 (1976); *Snider v. L-3 Communications Vertex Aerospace, L.L.C.*, 946 F.3d 660 (5th Cir. 2019) (inconsistent testimony under oath); *Brown v. Oil States Skagit Smatco*, 664 F.3d 71 (5th Cir. 2011); *Wexell v. Komar Industries, Inc.*, 18 F.3d 916 (Fed. Cir. 1994); *ClearValue v. Pearl River Polymers, Inc.*, 242 F.R.D. 362 (E.D. Tex. 2007) (refusal to produce extremely relevant case-dispositive documents).

[13] *United Construction Products, Inc. v. Tile Tech, Inc.*, 843 F.3d 1363 (Fed. Cir. 2016) (failure to comply with order for production of documents); *U.S. v. Real Property Known As 200 Acres of Land Near FM 2686 Rio Grande City, Tex.*, 773 F.3d 654 (5th Cir. 2014), cert. denied. 135 S. Ct. 2847 (2015) (failure to produce documents); *Benedict v. Super Bakery, Inc.*, 665 F.3d 1263 (Fed. Cir. 2011); *Monsanto Co. v. Ralph*, 382 F.3d 1374 (Fed. Cir. 2004).

**PUBLIC VERSION**

DATED:  July 25, 2022                      Respectfully submitted,


                                           */s/Lionel M. Lavenue*
                                           Lionel M. Lavenue
                                           Virginia Bar No. 49,005
                                           lionel.lavenue@finnegan.com
                                           **FINNEGAN, HENDERSON, FARABOW,**
                                           **GARRETT & DUNNER, LLP**
                                           1875 Explorer Street, Suite 800
                                           Reston, VA 20190
                                             Phone:  (571) 203-2700
                                             Fax:      (202) 408-4400

                                           Attorney for Defendant,
                                           ZTE Corporation

26

PUBLIC VERSION

███████████

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via CM-ECF and electronic mail on July 25, 2022.

/s/Lionel M. Lavenue
Lionel M. Lavenue
