# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | |
|---|---|
| **WSOU INVESTMENTS, LLC d/b/a BRAZOS LICENSING AND DEVELOPMENT,**<br><br>*Plaintiff,*<br><br>v.<br><br>**ZTE CORPORATION,**<br><br>*Defendant.* | **Civil Action No.: 6:20-00487-ADA**<br>**Civil Action No.: 6:20-00488-ADA**<br>**Civil Action No.: 6:20-00489-ADA**<br>**Civil Action No.: 6:20-00490-ADA**<br>**Civil Action No.: 6:20-00491-ADA**<br>**Civil Action No.: 6:20-00493-ADA**<br>**Civil Action No.: 6:20-00494-ADA**<br>**Civil Action No.: 6:20-00495-ADA**<br>**Civil Action No.: 6:20-00496-ADA**<br>**Civil Action No.: 6:20-00497-ADA**<br><br>**JURY TRIAL DEMANDED**<br><br>**PUBLIC VERSION** |

**PLAINTIFF WSOU INVESTMENT, LLC D/B/A BRAZOS LICENSING
AND DEVELOPMENT'S REPLY MEMORANDUM OF LAW IN SUPPORT OF ITS
<u>MOTION FOR LEAVE TO AMEND ITS FINAL INFRINGEMENT CONTENTIONS</u>**

# **TABLE OF CONTENTS**

**Page**

I. ZTE DOES NOT REFUTE BRAZOS'S SHOWING OF GOOD CAUSE ....................... 1

II. ZTE WILL NOT BE PREJUDICED BY BRAZOS'S AMENDMENT ........................... 4

III. CONCLUSION ............................................................................................................. 5

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*ActiveVideo Networks, Inc. v. Verizon Communications, Inc.*,
    No. 2:10-cv-248, 2011 WL 7036048 (E.D. Va. July 5, 2011)...................................................1

*Alacritech, Inc. v. Centurylink, Inc.*,
    No. 2:16-CV-00693-RWS-RSP, 2017 WL 3593787 (E.D. Tex. Aug. 20, 2017)......................5

*Am. Video Graphics, L.P. v. Elec. Arts, Inc.*,
    359 F. Supp. 2d 558 (E.D. Tex. 2005).....................................................................................4

*Escort, Inc. v. Uniden America Corp.*
    No. 3:18-CV-0161-N, 2019 WL 7900789 (N.D. Tex. Aug. 7, 2019) .......................................1

*Keranos, LLC v. Silicon Storage Tech.*,
    797 F.3d 1025 (Fed. Cir. 2015)................................................................................................4

*Papst Licensing GmbH & Co., KG v. Apple, Inc.*,
    No. 6:15-CV-01095-RWS, 2020 WL 11613777 (E.D. Tex. July 1, 2020) ...............................4

The record amply shows that Brazos is properly seeking to amend its final infringement contentions ("FICs") despite ZTE's attempts to mischaracterize the record or whitewash its own misconduct to lay the blame on Brazos for ZTE's egregious dilatoriness.[1]

## I.   ZTE DOES NOT REFUTE BRAZOS'S SHOWING OF GOOD CAUSE

As ZTE knows, Brazos's FICs were timely served on July 16, 2021. Indeed, on July 17, 2021, ZTE's counsel emailed Brazos's counsel complaining that he was unable to open Brazos's FICs that were provided "last night," *i.e.*, *on July 16*. (*See* Ex. 2) (L. Lavenue email to R. Loveless).[2] What ZTE mischaracterizes as "sloppy advocacy" (Opp. 5) is actually timely service.[3]

Moreover, Brazos demonstrated good cause for its amendment. Specifically, ZTE's unreasonable delays in producing documents and providing access to source code prevented Brazos from amending its FICs sooner. (Mot. at 7-8.) ZTE simply reverses causality. First, it seeks to blame Brazos for delays caused by ZTE's discovery failures. (Opp. at 5.) But ZTE's misrepresentation that Brazos had "nearly non-stop access to source code" ignores the fact that for

---

[1] ZTE nonsensically complains that Brazos imposed "duplicate briefing" on the Court. (Opp. at 1.) But Brazos served its Amended FICs on September 27, and ZTE objected to them on September 29. Ex. 1 (exhibits hereto are attached to the November 10, 2022 Declaration of Jonathan K. Waldrop filed concurrently herewith). Brazos accordingly properly moved for leave to amend, and it was *ZTE* that decided to file a separate motion to strike instead of simply responding to Brazos's Motion.

[2] Brazos's statement that it served its FICs on July 17, 2021 (Mot. at 8, n. 8) was made prior to Brazos's current counsel being able to access the full email history from prior counsel's files. The FICs were timely served, ZTE *knows* that and Exhibit 2 proves as much. Thus, whereas ZTE accuses Brazos of being "borderline deceptive" (Opp. at 10), ZTE has been overtly so.

[3] Even had Brazos's FICs been a day late – which they were not - ZTE has continued to litigate this matter for more than a year since those FICs were served without contesting their timeliness or moving to strike them until now. It certainly would not be prejudiced by a one-day delay, which in any event did not occur. *See, e.g., Escort, Inc. v. Uniden America Corp*. No. 3:18-CV-0161-N, 2019 WL 7900789, at *1 (N.D. Tex. Aug. 7, 2019) ("Courts have broad discretion to grant untimely motions to supplement … infringement contentions"); *ActiveVideo Networks, Inc. v. Verizon Communications, Inc*., No. 2:10-cv-248, 2011 WL 7036048, at *2 (E.D. Va. July 5, 2011) (denying motion to exclude untimely contentions where defendant was not prejudiced).

several months Brazos *repeatedly* requested access to ZTE's source code and ZTE *repeatedly* concocted excuses to refuse it, claiming that those requests were informal, improper or unreasonable. *See, e.g.*, Exs. 3, 4. Brazos first gained access to ZTE's source code in April 2022, nine months *after* serving its FICs. Further, the available source code was deficient and ZTE was compelled to supplement, which it only did in August 2022. (Mot. at 2.) Brazos served its Proposed Amended FICs in September and moved to amend shortly after reviewing that code.

Similarly disingenuous is ZTE's argument (Opp. at 5, 7-9) that Brazos's amendment is based primarily on publicly available documents and, therefore, Brazos waited unnecessarily to seek leave to amend. That argument mischaracterizes (or ignores) the lengthy disputes caused by ZTE's failure to comply with its discovery obligations, including its glacial, deficient production of internal technical documents, choosing instead to produce primarily publicly available documents. (Mot. at 2-4.) While ZTE produced technical specifications from obscure third-party websites instead of producing its own, Brazos was understandably looking for original technical documents to determine whether/how its FICs needed to be amended. Brazos vigorously pursued discovery toward that end in the hope that discovery would include production of ZTE's internal technical documents.[4] As it has not, and the Court only recently directed that further deficiencies in ZTE's technical document production should be pursued in depositions (Ex. 5, Sept. 19, 2022 Tr. at 50:14-20, Dkt. 266), Brazos ultimately had to rely on those obscure, third-party website technical specifications to identify ZTE's infringing products and amend its FICs.[5] While ZTE attempts to dismiss its extensive history of dilatory misconduct as a "red herring tirade" (Opp. at

---

[4] ZTE's argument, therefore, that Brazos supposedly "does not provide any explicit reason why it only recently decided to amend its FICs" (Opp. at 8) is simply false. And it would have been a waste of the parties' and judicial resources to amend the FICs based solely on "publicly available" documents if ZTE's internal technical documents affected Brazos's amendments.
[5] *See* Ex. 6, ZTE relying on https://www.devicespecifications.com/en/brand/60dd29.

2

6), that history demonstrates exactly why Brazos was prevented from effectively amending its FICs prior to the instant motion. (*See* Mot. at 2-5.)

ZTE's attempted refutations of its unreasonable delays are baseless. Its assertion regarding its production of "12,000" documents (Opp. at 6) omits that much of that production consisted of printouts from Facebook/Twitter/ZTE's website and other publicly available information, *i.e.*, *it does not reflect ZTE's internal technical documents*. (*See* Mot. at 4-5.)[6] Likewise, ZTE's reference to the Court's September 19, 2022, determination that ZTE purportedly "satisfied production of technical documents" (Opp. 6) simply ignores the *months* of discovery disputes Brazos was compelled to undergo to wrestle from ZTE documents and source code that it should have produced in the ordinary course of discovery. (Mot. at 2-5.) And contrary to ZTE's assertions, Brazos did not merely "sprinkle" source code-based revisions in its amended FICs. (Opp. at 1.) Rather, the source code review allowed Brazos to chart products in a manner that resolves claimed deficiencies in ZTE's Motion to Strike (*e.g.*, Dkt. 268 at 14). ZTE's argument that it timely challenged Brazos's FICs (Opp. at 6) is belied by its concession that it only raised those alleged "deficiencies" in May 2022, *10 months* after Brazos filed its FICs. Also absurd is ZTE's contention that its repeated discovery failures are merely "unilateral beliefs" on Brazos's part. (Opp. at 6.) The numerous Court orders compelling ZTE to comply with its discovery obligations belie ZTE's claim. *See, e.g.*, Dkt. Nos. 222, 231, 232, 266.

ZTE's assertion that Brazos has not explained why it did not seek leave to amend before the July 16, 2021, deadline (Opp. at 5, 8) is thus particularly outrageous. Unlike ZTE, Brazos does

---

[6] That Brazos has "produced only 315 documents" (Opp. at 6) is neither surprising nor concerning. *ZTE*, as the party manufacturing and distributing the infringing products, has the technical, marketing and other documents relevant to those products, not *Brazos*, the patent holder.

3

not wish to waste time and resources with redundant infringement contention amendments, which ZTE's, trickled, "rolling" production would have necessitated.

ZTE's argument (Mot. at 2-3, 7) that *Brazos* seeks to "maintain these actions in an indefinite cycle of discovery to burden ZTE" is also a gross reversal of causality. Brazos has an undeniable interest in speedy adjudication so that it can recover for ZTE's continuing infringements of its patents. To that end, it is *Brazos* that has doggedly pursued discovery to advance these cases while *ZTE* delayed and frustrated discovery at every turn. (Mot. at 1-5.)[7]

## II.   ZTE WILL NOT BE PREJUDICED BY BRAZOS'S AMENDMENT

ZTE overstates the purported prejudice to it if Brazos's motion is granted. First, the amended FICs do not add claims, nor do they change the underlying infringement theories. Second, contrary to ZTE's contentions (Opp. at 7), Brazos does not seek to add "over 400" new devices to these cases. Rather, Brazos seeks to: (1) add the Accused products subject to the May 12, 2022, Order on reasonably similar products (Ex. 7, col. E); (2) explicitly list products that were accused in the FICs under the "Series" name but not under each sub-model name (*Id*. at cols. B and C)[8;] (3) add versions of devices that were improperly withheld from discovery thus far (*Id*. at col. D)[9]; (4) for clarity, include products already identified in the claim charts, but not listed in

---

[7] ZTE's cases are inapposite. *See Papst Licensing GmbH & Co., KG v. Apple, Inc.*, No. 6:15-CV-01095-RWS, 2020 WL 11613777, at *3 (E.D. Tex. July 1, 2020) (plaintiff not diligent where it had information necessary to amend long before motion, case was 5 years old, discovery was completed, and plaintiff waited 6 months after completion of IPR to seek to amend); *Keranos, LLC v. Silicon Storage Tech*., 797 F.3d 1025, 1038 (Fed. Cir. 2015) (reversing denial of motion to amend where publicly available information may not have been sufficient to amend infringement contentions); *Am. Video Graphics, L.P. v. Elec. Arts, Inc*., 359 F. Supp. 2d 558, 561 (E.D. Tex. 2005) (absent access to defendant's source code plaintiff adequately set forth infringement).
[8] For instance, Brazos accused ZXR10 5250 Series in the FICs, and the amendments specify all infringing devices in this Series, including 5250-12TC, 12PC, 28TC, -52TC, -28PC, 52PC.
[9] For example, Brazos accused the Axon 30 Ultra, and the First Amended FICs list the Axon 30 Pro, Axon 30 5G, Axon 30 Ultimate.

4

cover pages[10]; (5) add Accused Products identified as infringing during discovery; and (6) remove products that are no longer being asserted.[11]  Thus, the actual universe of additional products for which ZTE will have to produce documents is narrower than ZTE contends (Exs. 7-8.) (and in any event, discovery is ongoing, with depositions to be completed by December 15, 2022, leaving sufficient time for ZTE to produce documents regarding additional products). (Mot. at 10.)  In fact, ZTE's counsel conceded that the production of documents regarding additional, similar products is straightforward.  *See* Ex. 9, May 12, 2022 Hearing Tr. at 9:16-19 ("And then like I said, for the new products, we'll go ahead and just redo everything that we did, the reasonable searches that we did for the old products"); *id*. at 25:13-16.[12]

ZTE analogizes Brazos's motion to the *Google* cases (Opp. at 9), but elides that the Court found good cause there (*i.e*., Google's discovery failures akin to ZTE's here) and *granted* Brazos's motion.  *See* Ex. 10.  Nor is there any reason to revisit the Court's rejection of ZTE's motion to stay. (Opp. at 10.)  The Court had already declined to stay (Ex. 5, Sept. 19, 2022 Tr. at 28:19-29:23) and the mere expansion of the scope of infringing products here does not change that conclusion.

### III.   CONCLUSION

For the foregoing reasons, Brazos's Motion for Leave to Amend its Infringement Contentions should be granted in its entirety.

---

[10] For instance, Brazos accused the Velocity® 2 in the -491 Chart for the Axon 10 Pro, it is therefore not an addition.

[11] For instance, Brazos removed all accused smartphones from its -488 Chart.

[12] *See also Alacritech, Inc. v. Centurylink, Inc.,* No. 2:16-CV-00693-RWS-RSP, 2017 WL 3593787, at *2 (E.D. Tex. Aug. 20, 2017) (even where plaintiff was late in moving to amend, court allowed amendment where defendant "should not be surprised by the addition of these products" and court "prefers to resolve the infringement issue concerning as many of these additional instrumentalities as possible in one case rather than have [plaintiff] initiate a separate action").

5

Dated: November 10, 2022          Respectfully submitted,

         By: */s/ Jonathan K. Waldrop*
Jonathan K. Waldrop (CA Bar No. 297903)
(Admitted in this District)
jwaldrop@kasowitz.com
Darcy L. Jones (CA Bar No. 309474)
(Admitted in this District)
djones@kasowitz.com
Marcus A. Barber (CA Bar No. 307361)
(Admitted in this District)
mbarber@kasowitz.com
Heather S. Kim (CA Bar No. 277686)
(Admitted in this District)
hkim@kasowitz.com
John W. Downing (CA Bar No. 252850)
(Admitted in this District)
jdowning@kasowitz.com
ThucMinh Nguyen (CA Bar No. 304382)
(Admitted in this District)
tnguyen@kasowitz.com
Chen Jia (CA Bar No. 281470)
(Admitted *pro hac vice*)
cjia@kasowitz.com
**KASOWITZ BENSON TORRES LLP**
333 Twin Dolphin Drive, Suite 200
Redwood Shores, California 94065
Telephone: (650) 453-5170
Facsimile: (650) 453-5171

Paul G. Williams (GA Bar No. 764925)
(Admitted in this District)
pwilliams@kasowitz.com
**KASOWITZ BENSON TORRES LLP**
1230 Peachtree Street N.E., Suite 2445
Atlanta, Georgia 30309
Telephone: (404) 260-6080
Facsimile: (404) 260-6081

Hershy Stern (NY Bar No. 4631024)
(Admitted *pro hac vice*)
hstern@kasowitz.com
Howard L. Bressler (NY Bar No. 2487379)
(Admitted *pro hac vice*)
hbressler@kasowitz.com
Joshua A. Whitehill (NY Bar No. 4766473)
(Admitted *pro hac vice*)
jwhitehill@kasowitz.com

6

Lea Dartevelle Erhel (NY Bar No. 5172101)
ldartevelle@kasowitz.com
(Admitted *pro hac vice*)
Julianne Laporte (NY Bar No. 5547906)
(Admitted *pro hac vice*)
jlaporte@kasowitz.com
Noah P. Dorman (DC Bar No. 1779821)
(Admitted *pro hac vice*)
ndorman@kasowitz.com
**KASOWITZ BENSON TORRES LLP**
1633 Broadway
New York, NY 10019
Telephone: (212) 506-1700
Facsimile: (212) 506-1800

Mark D. Siegmund (TX Bar No. 24117055)
mark@swclaw.com
Craig D. Cherry (TX Bar No. 24012419)
craig@swclaw.com
Justin Allen (TX Bar No. 24081977)
justin@swclaw.com
**STECKLER WAYNE CHERRY & LOVE PLLC**
8416 Old McGregor Road
Waco, TX 76712
Telephone: (254) 651-3690
Facsimile: (254) 651-3689

Gregory Phillip Love (TX Bar No. 24013060)
greg@swclaw.com
**STECKLER WAYNE CHERRY & LOVE PLLC**
107 East Main Street
Henderson, TX 75652
Telephone: (903) 212-4444
Facsimile: (903) 392-2267

**Attorneys for Plaintiff**
**WSOU INVESTMENTS, LLC d/b/a BRAZOS LICENSING AND DEVELOPMENT**

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing instrument was served or delivered electronically to all counsel of record, on this 17th day of November 2022 via the Court's CM/ECF System.

*/s/ Jonathan K. Waldrop*